CITY OF HUNTINGTON *v.* CAST.

[No. 3,115,   Filed April 6, 1900.]

APPEAL AND ERROR.—*Motions.*—*Record.*—No question is presented on appeal as to the action of the court in overruling a motion to strike out part of the complaint, where the motion and the court's ruling are not made part of the record by order of court or by bill of exceptions. *p. 502.*

MUNICIPAL CORPORATIONS.—*Action to Require Persons to Work Streets.*—A city may, by virtue of the provisions of §3623 Burns 1894, require persons to work on the streets without adopting an ordinance to that effect. *p. 503.*

JUSTICES OF THE PEACE.—*Mayors.*—*Jurisdiction.*—*Municipal Corporations.*—*Action to Compel Persons to Work on Streets.*—In an action to require persons to work on the streets of a city, under §3623 Burns 1894, without an ordinance to that effect, the mayor has jurisdiction while acting as a justice of the peace. *pp. 503, 504.*

PLEADING.—*Amendment.*—The filing of an amended pleading takes the original pleading out of the record and waives any error in the ruling upon the original pleading. *p. 504.*

APPEAL AND ERROR.—*New Trial.*—*Judgment.*—*Default.*—Where a party fails to plead over, and judgment is rendered against him as upon default, the damages must be proved; but in such case no question is presented on appeal on an assignment in a motion for a new trial that the decision of the court is not sustained by sufficient evidence, and is contrary to law, unless such facts are made to appear by a proper bill of exceptions. *pp. 504, 505.*

From the Huntington Circuit Court.   *Affirmed.*

*J. F. France* and *Z. T. Dungan,* for appellant.

*J. B. Kenner, U. S. Lesh, M. L. Spencer* and *W. A. Branyan,* for appellee.

ROBINSON, J.—Appellee's complaint avers that, while he was mayor of appellant city, appellant, by its attorney, filed a number of complaints in the court presided over by appellee against various residents of appellant, to recover the penalty fixed by law for the failure on the part of such persons to work the streets and public highways within such city pursuant to notices served on them by the street com-

missioner; that, at the time of filing such complaints, appellant requested that summons issue, and the causes be docketed and tried; that summons was issued in each case, and the same docketed and disposed of as appellee thought proper on the pleadings filed and evidence adduced in such actions; that he caused the costs made by the plaintiff in such actions to be taxed, as that made by defendants, all of which appears of record; that the amount of costs made by appellant herein in such actions, and accruing to appellee on account of his services in such cases, aggregated a named sum, no part of which has ever been paid to appellee; that appellee has no power to issue fee bills therefor, as the docket containing the record of such causes has passed into the possession of appellee's successor in office.

A motion to strike out part of the complaint was overruled. As this motion and the court's ruling are not made part of the record by order of court, or by a bill of exceptions, no question is presented. *City of Indianapolis* v. *Consumers, etc., Co.,* 140 Ind. 246; *Dudley* v. *Pigg,* 149 Ind. 363. Besides, overruling a motion to strike out part of a pleading is not reversible error. *Keesling* v. *Watson,* 91 Ind. 578; *Walker* v. *Larkin,* 127 Ind. 100; *House* v. *McKinney,* 54 Ind. 240; *Losey* v. *Bond,* 94 Ind. 67; *Halstead* v. *Board, etc.,* 56 Ind. 363; *Morris* v. *Stern,* 80 Ind. 227; *McFall* v. *Howe, etc., Co.,* 90 Ind. 148.

Within the limits of the city, the mayor has the jurisdiction and powers of a justice of the peace in civil and criminal matters arising under the laws of this State. In suits to recover penalties for the violation of city ordinances, the mayor has exclusive jurisdiction, and the fees provided for the mayor in such cases are paid by him into the city treasury for the benefit of the general funds of the city. §§3497, 3498 Burns 1894, §§3062, 3063 Horner 1897.

Section 6813 *et seq.,* Burns 1894, provide who shall work on highways in townships, and the manner of collecting a penalty for failure to work; that the supervisor shall bring

suit against the person in default before any justice of the peace of the township.   The above provisions indicate the course to be pursued by the township trustee and road supervisor in collecting the penalty for failure to work.

Section 3623 Burns 1894, §3161 Horner 1897, gives a city exclusive power over its streets, and provides that no person residing in the city shall be required or compelled to work on any road without the city, that property within the city shall not be taxed to improve or repair roads without the city, and that, "the common council may exercise all powers of township trustees, and the street commissioners, under the direction of the common council, may perform all the duties and exercise all the powers of township trustees and road supervisors in reference to a road labor tax of two days by each person liable to work on roads in townships, and shall be governed by the same rules and regulations in reference to the collection and enforcement of the same; or any person so liable to work may be discharged therefrom on the payment of $1.50 per diem:   Provided, that the common council may, by general ordinance, prescribe the time within which such labor may be performed."

The question then arises whether a city may, by virtue of the provisions of §3623 (3161), *supra,* require persons to work on the streets, or must there be an ordinance to that effect.   The above section, 3623, does not necessarily contemplate an ordinance, although a city might pass such an ordinance.   It does not appear that the original actions were brought under an ordinance.   If the authority given in the proviso of the section, to prescribe by general ordinance the time for doing the work, be not exercised by the city council, the provision made by the statute as to the time would govern.   The statute itself vests in the city officers the powers as to the particular subject-matter vested in the township officers, and expressly provides that the same rules and regulations shall govern in reference to the collection of the tax and the enforcement of its payment.   It follows

that the subject-matter of the actions referred to in the complaint was within the jurisdiction of a justice of the peace, and the appellee, in hearing such causes, was acting as a justice of the peace, and not as mayor of appellant city. The complaint is not bad against a demurrer for want of facts.

Appellant's amended answer was in four paragraphs, the first of which was the general denial. Demurrers were sustained to the second, third, and fourth amended paragraphs. Appellant then withdrew its answer in general denial, refused to plead further, and judgment was rendered in appellee's favor. The record discloses that demurrers were sustained to the original second, third, and fourth paragraphs of answer without an exception, and that amended second, third, and fourth paragraphs of answer were filed, to each of which a demurrer was sustained, and an exception reserved. The assignments of error are that the court erred "in sustaining the demurrer of appellee to appellant's second paragraph of answer;" "in sustaining the demurrer of appellee to the third paragraph of appellant's answer;" and "in sustaining the demurrer of appellee to the fourth paragraph of appellant's answer."

The filing of an amended pleading takes the original pleading out of the record, and waives any error in the ruling upon such original pleading. The above specifications of error are upon rulings to which no exceptions were taken. The pleadings, the rulings on which are assigned as error, are not in the record. As the specifications of error come to us, they present no question upon the court's ruling sustaining the demurrers to the paragraphs of amended answer. *Dorsett* v. *City of Greencastle*, 141 Ind. 38; *Gowen* v. *Gilson*, 142 Ind. 328; *Wood* v. *Hughes*, 138 Ind. 179; *Johnson* v. *Conklin*, 119 Ind. 109; *Kennedy* v. *Anderson*, 98 Ind. 151; *Bozarth* v. *McGillicuddy*, 19 Ind. App. 26; Elliott's App. Proc. §595; Ewbank's Manual, §116.

The record recites that "the defendant withdraws its

answer in general denial, and, refusing to plead further, and electing to abide the ruling of the court in sustaining the demurrers to the second, third, and fourth paragraphs of answer, the court finds for the plaintiff on said demurrers, and assesses his damages," etc. Appellant then moved for a new trial, which was overruled, and time given to file a bill of exceptions, but no bill was filed. A new trial was asked because the amount of recovery is erroneous (being too large), and because the decision of the court is not sustained by sufficient evidence, and is contrary to law. The record does not recite that the cause was submitted for trial and evidence heard, but, in the absence of some showing to the contrary, the presumption is that such was done, and this presumption is aided in this case by the fact that appellant made a motion for a new trial. If a party fail to plead over, judgment is rendered against him as upon a default. In such case the damages must be proved. §§346, 386 Burns 1894; *McKinney* v. *State*, 101 Ind. 355. If the court rendered judgment without hearing evidence as to the amount due, or upon insufficient evidence, that fact should be made to appear by a proper bill of exceptions. The record does not affirmatively show that there was no evidence as to the amount due.

Judgment affirmed.