## RUSSELL, EXCR. *v.* MCKINSTRY, ET AL.

[No. 17,823.  Filed June 29, 1949.  Rehearing denied
October 5, 1949.  Transfer denied December 15, 1949.]

*Jay & Bontrager,* of Elkhart, for appellant.

*Seebirt, Oare & Deahl,* of South Bend, for appellees.

BOWEN, C. J.—This is an action upon a claim filed by the appellees, Mark S. McKinstry, Benjamin S. Peck and Claus H. Kruizenga as Trustees of the segregated assets of the Home Savings Bank of Kalamazoo, Michigan, against the estate of one Agnes B. Russell, deceased, to enforce the collection of an assessment of super-added liability incident to the ownership of capital stock in banks organized in the State of Mich-

igan, alleged to have been made against such stock owned by Agnes B. Russell, appellant's testatrix by the Commissioner of the Department of Banking of the State of Michigan.

This is the third appeal in this case. The first appeal involved the question whether the appellant's testatrix was a stockholder and whether she was liable on the assessment which was decided adversely to her by this court in *McKinstry* v. *Russell* (1943), 114 Ind. App. 27, 49 N. E. 2d 349. In the second appeal this court decided that the assessment was assignable and that it could be enforced after all creditors were paid, by the assignee in the name of the assignor. The court in this second appeal also held that the lower court erred in overruling claimant's demurrer to the plea in abatement by reason of a failure to negative any assignment of the claim sued on in the plea in abatement. *McKinstry* v. *Russell* (1947), 117 Ind. App. 395, 70 N. E. 2d 757.

Issues were formed in the instant case on appellees' supplemental claim filed in the Elkhart Superior Court on June 12, 1947, to which an amended supplemental plea in abatement was filed by appellant. The court sustained appellees' demurrer to appellant's supplemental plea in abatement, and overruled the motion of appellant to require the amended claim to be separated into paragraphs. Appellant also filed a motion to dismiss the claim which the court overruled. The cause was then submitted to the court for trial without a jury, and at the request of appellant the court found the facts specially and stated its conclusions of law thereon. The court rendered judgment on the special findings of fact and conclusions of law in favor of appellees and against appellant, allowing appellees' claim in the amount of $5,204.60.

Errors assigned for reversal are that the court erred in sustaining appellees' demurrer to appellant's amended supplemental plea in abatement; that the court erred in overruling appellant's verified motion to dismiss the claim and action; and, that the court erred in each of its four conclusions of law, and in overruling appellant's motion for a new trial.

Grounds of the motion for a new trial were that there was error in the assessment of recovery, the same being too large, and that the decision of the court is not sustained by sufficient evidence and is contrary to law. The appellant has not seen fit to incorporate the evidence in the record. The determination of the questions as to alleged error in overruling appellant's motion for a new trial cannot be determined without a consideration of the evidence. Therefore, the appellant has failed to properly present any error as to the overruling of the motion for a new trial. *Pennsylvania Co.* v. *Niblack* (1884), 99 Ind. 149; *Bowman* v. *Swartz Elec. Co.* (1923), 80 Ind. App. 373, 141 N. E. 62; *City of Huntington* v. *Cast* (1900), 24 Ind. App. 501, 56 N. E. 949.

Also, the appellant has waived any alleged error in the sustaining of appellees' demurrer to appellant's amended supplemental plea in abatement by failing to set forth in the portion of the brief denominated "The Record" either the demurrer or the memorandum of reasons why the plea was insufficient. This court cannot search the record to reverse. Such alleged errors are therefore not presented for review. *State* v. *Hinds* (1929), 200 Ind. 613, 165 N. E. 754; *Martin* v. *State* (1931), 93 Ind. App. 26, 117 N. E. 354; Rules of the Supreme Court, 2-17(e).

The appellant has alleged error in the overruling of his motion to dismiss the claim. The Indiana practice

does not recognize a motion to dismiss a claim against a decedent's estate. A claim is considered as a complaint and the general rules of civil procedure apply, which under the statutes and the Rules of the Supreme Court do not recognize a motion to dismiss a complaint. Burns' 1946 Replacement, § 2-1001 et seq.; Rules of the Supreme Court of Indiana, 1-2 and 1-3; Burns' 1933, §§ 6-1001 and 6-1015. Regardless of the denomination given this pleading, and if it be regarded as an answer under liberal rules of construction the facts therein stated would not have entitled appellant to judgment. Such alleged error was, therefore, harmless to appellant.

The main propositions which are apparent from a consideration of the questions presented in this appeal arise from the differences between appellant and appellees as to the effect of the "law of the case" as contained in the former appeals. The appellant contends that the Special Findings of Fact in the instant case are insufficient to support the conclusions of law in favor of appellee.

An examination of the record discloses that the supplemental claim filed in this third appeal raised substantially the same issues as were raised in the second appeal and merely adds thereto the same assignment of the claim which is referred to in the opinion in the second appeal.

The law is well settled that appeals cannot be allowed by piecemeal. And, where a question is presented on a subsequent appeal which was necessarily involved in a former appeal and where the conclusion declared could not have been reached without expressly or impliedly deciding such question, the decision on the former appeal rules the case throughout all subsequent proceedings. *City of New Albany* v. *Lyons* (1918), 69 Ind. App. 478, 118

N. E. 587; *Ohio Valley Trust Co.* v. *Wernke* (1912), 179 Ind. 49, 99 N. E. 734.

Failure to raise a question on a former appeal which might have been raised constitutes a waiver of the right to the consideration of such question on a subsequent appeal. *Stevens* v. *Templeton* (1910), 174 Ind. 129, 91 N. E. 563.

Appellant has not pointed out a single circumstance or condition affecting the parties which did not exist at the time of the former appeals. This court takes judicial knowledge of the contents of the records, briefs, and opinions in the former appeals. *City of New Albany* v. *Lyons, supra.* The only new matters arising after the first appeal were the assignment of the assessment to the reorganized bank and the discharge of the Trustees. These additional facts were considered and determined by this court on the second appeal. No new matters or questions have arisen thereafter.

However, the appellant challenges the sufficiency of the findings in this third appeal to support the judgment for appellees, and in their Proposition Three they assert that the failure of the court to find as an ultimate fact that Agnes B. Russell was the owner of the stock against whom the assessment sued upon was made was equivalent to an express finding that she was not such owner. An examination of the transcript discloses that all of the facts as to the ownership of the stock which this court considered in the first opinion in this case, *McKinstry* v. *Russell* (1943), 114 Ind. App. 27, 49 N. E. 2d 349, were found by the court in its findings of fact in the instant case, pages 55 to 61 of the Transcript. Upon substantially the same facts this court on the first appeal concluded that Agnes B. Russell was the owner of such stock at the time the assessment was made.

At no time has there been any dispute about the facts. The appellant in his brief has at great length re-argued propositions of law which were decided by this court on the former appeals of this case, and the findings in the present appeal and the issues present the same questions with reference to the ownership of the stock, the validity of the assessment, and the right of the reorganized bank to enforce the collection of such assessment in the name of the original trustees after the creditors had been paid. The special findings of fact in the instant case are sufficient to establish the liability of the appellant under the "law of the case" as announced in the former appeals.

A careful examination of all of appellant's assignments of error in the instant case convinces us that all of the questions sought to be asserted in this third appeal were decided either expressly or by implication in the former appeals of this cause, or are questions which might have been raised in the second appeal, and the failure to present such questions in the former appeal constitutes a waiver of the right to the consideration of such questions in this appeal. *Stevens* v. *Templeton, supra.*

The trial court did not err in its conclusions of law and we find no reversible error. The judgment is, therefore, affirmed.

Martin, J., and Wiltrout, J., not participating.

NOTE.—Reported in 86 N. E. 2d 711.