James D. CUNNINGHAM, Fred M. Lutgen, Jr. and Ross Haller, Appellants (Plaintiffs Below),

v.

Doug HILES, Al Gomez, Jr., Arthur C. and Sarah Clouser, Town of Schererville Plan Commission and Town of Schererville, Indiana, A Municipal Corporation, Appellees (Defendants Below).

No. 3–977A234.

Court of Appeals of Indiana, Second District.

May 18, 1982.

William J. Muha, Daniel G. Hoebeke, Zandstra, Zandstra & Muha, Highland, for appellants.

Kenneth D. Reed, Abrahamson, Reed & Tanasijevich, Hammond, for appellees.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Plaintiffs-appellants James D. Cunningham, Fred M. Lutgen, Jr., and Ross Haller (adjacent landowners) appeal the trial court's denial of their Petition for Contempt Citation against Doug Hiles (hereinafter referred to as Hiles) arising out of the granting of an injunction enforcing a restrictive land covenant.

We reverse and remand with the instruction to cite Hiles for contempt.

This cause is before the Court of Appeals for the third time. Because of the contempt aspects involved, the Third District judges who decided the previous appeal have disqualified themselves, and this panel selected to render an opinion.

## FACTS

To fully comprehend the course of conduct engaged in by Hiles and his attorney,

Kenneth D. Reed, it is necessary to recite in some detail the history of this dispute.

Litigation was initiated by adjacent land-owners on September 14, 1976, in an action requesting the Lake Circuit Court to enjoin Hiles from constructing a music store in violation of restrictive covenants on land owned by Hiles and his wife Kathy as tenants by the entireties. A hearing on the request for an injunction was held before Judge Felix Kaul of the Lake Circuit Court, at which Hiles stated facts which he later contradicted at a contempt hearing.

The facts as presented in the hearing on the injunction are these: Hiles testified to his present ownership of Sherwood Music Store as a sole proprietorship, with no partner "whatsoever." He held a full time job elsewhere, but did give lessons, etc. during evenings and Saturdays at the music store. Although the store had only been open for about three years, a new location was needed because of business growth.

A suitable location was found at 20 Lincolnway Drive, Schererville, the property which is the subject of the present dispute. Hiles and Kathy signed an agreement for the purchase of the real estate from Arthur and Sarah Clouser, which agreement was subject to rezoning of the property from residential to commercial. Hiles contacted an architect to render a drawing of a proposed music store, contracted with Al Gomez (Gomez) to construct a store which Hiles described as "my building," and appeared with Gomez before the Schererville town board and plan commission to have the property rezoned for commercial purposes.

The extent to which Hiles was involved in all phases of the proposed music store is evident from his testimony. He described the parking arrangements; type of materials for the walls, roof, and exterior; anticipated number of students per hour; number of instructors; type of instruments to be sold; and the type of lessons which would be given.

So Hiles's testimony at the hearing on the injunction left the unmistakable (and uncontradicted) impression that he was sole owner of the music store at the first location, that he would own the music store at the new location, and that Kathy would assist in conducting the business which was to be located on jointly held real estate. We reproduce a portion of Hiles's testimony to place his comments in context:

Q  And *how long have you owned this other business*?

A  *Three years in June.*

Q  *And where is that located*?

A  *Route 30 and Cline.*

Q  *And what do you have there at Route 30 and Cline*?

A  *Music studio.*

Q  And how large is that?

A  Eleven Hundred square feet.

Q  What corner is that located on Route 30?

A  It is on the southeast corner.

Q  And what type of business do you conduct there? What do you do there?

A  We sell accessories and have a music studio.

Q  Also do you give any instructions?

A  Yes.

Q  How many instructors do you have there?

A  I believe like six during the day.

Q  *And how many hours a day could you spend there*?

A  *I spend the evening hours after work there, and on Saturdays.*

Q  Do you play a musical instrument?

A  Yes.

Q  And do you give instructions?

A  Yes, I do.

Q  *What type of instructions do you give*?

A  *Guitar.*

Q  Spanish, Hawaiian?

A  Spanish.

Q  *Do you have a partner in there—*

A  *No, sir.*

Q  *None whatsoever*?

A  *No, sir.*

Q  *Well, why did Mr. Gomez petition with you before the Schererville Town Board and Plan Commission Town Board?*

A  *Mr. Gomez is my builder.*

Q  *So he proposes or, you have contracted with him to build this—*

A  *Yes.*

Q  *Is your contract with Mr. Clouser, is that conditioned, or was it conditioned on rezoning?*

A  *Yes, sir.*

Q  *Have you purchased that property yet?*

A  *No, sir.*

Q  *At that time that you entered into this contract and you were aware of the residential zoning affecting this property—*

A  *I am not sure if I am—*

Q  *Well, the contract was subject to its being rezoned to a commercial use?*

A  *Yes, correct.*

Record at B386–88 (emphasis supplied).

At the conclusion of the hearing, Judge Felix Kaul refused to enter an injunction on the ground that the restrictive covenant was unenforceable. The Third District of this Court reversed that decision of the Lake Circuit Court, however, and ordered it to issue a permanent injunction prohibiting construction of the music store. *Cunningham v. Hiles*, (1979) Ind.App., 395 N.E.2d 851.

In his Petition for Rehearing of that appellate decision, Hiles requested the Court of Appeals to vacate and set aside the decision on the basis of a material change in circumstances which had rendered the appeal moot, the change being that the music store was constructed during pendency of the appeal. Emphasizing that Hiles "built the music store at his own peril" and that "a Petition for Rehearing will not be granted on the basis of acts which occurred during the pendency of the appeal and which were not in any manner presented for this Court's consideration," Judge Staton writ-

ing for a unanimous Third District denied Hiles's request that the decision be vacated and set aside. *Cunningham v. Hiles*, (1980) Ind.App., 402 N.E.2d 17, 21–22. However, the Third District did modify its mandate due to the material change in condition during pendency of the appeal by directing the "Lake Circuit Court to issue a permanent injunction against the use of the structure for any purpose which violates the terms of the restrictive covenant." *Id.* at 22.

A second Petition for Rehearing was filed contemporaneously with a Petition to Transfer the cause to the Indiana Supreme Court. Both the Petition for Rehearing and Petition to Transfer were denied without opinion on July 24, 1980.

Learning that the decisions of the Court of Appeals and Supreme Court had been certified to the Lake Circuit Court, adjacent landowners filed on August 5, 1980 a motion requesting that a hearing be held for issuance of a permanent injunction in compliance with the Court of Appeals opinion. After Hiles and other defendants had filed a stream of motions and pleadings, and after adjacent landowners had filed a Verified Application for Writ of Mandate in Aid of Appellate Jurisdiction, Judge Kaul entered an injunction on November 20, 1980 which was subsequently amended on December 17, 1980 to read as follows, in pertinent part:

"IT IS THEREFORE ORDERED, ADJUDGED and DECREED by the Court that the Defendants, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, be, and they are hereby permanently enjoined and restrained from using the structure for any purpose which violates the terms of the restrictive covenants as defined by the Indiana Court of Appeals by its decision dated March 25, 1980, which convenant is attached hereto, incorporated herein by reference and made a part hereof as Exhibit "A", all upon real estate described as follows:

.    .    .    .    .

IT IS FURTHER ORDERED, ADJUDGED and DECREED that this order shall take full force and effect instanter." Record at 137–39.

Adjacent landowners were disappointed to find that the music store remained open after December 17th. They consequently sought enforcement of the injunction by filing on December 19, 1980 a "Motion For Issuance of Show Cause Order in Contempt Proceedings For Violation Order." Judge Lorenzo Arredondo (successor to Judge Kaul as Judge of the Lake Circuit Court, who retired at the end of 1980) entered an Order to Show Cause and heard evidence on the Petition for Contempt Citation against Hiles.

Both Hiles and Kathy testified at the hearing, which was not held until May 21, 1981. Kathy stated that she had read the injunction and probably had discussed the injunction and the Rule to Show Cause with Hiles, but she nevertheless operated the music store after the injunction was entered. She further claimed that Hiles had no interest whatsoever in the music store except for his interest in the real estate itself; the music store was purchased with money she received as settlement for her injuries in an accident. The proceeds were placed in a joint savings account from which bonds were later purchased. How this money was eventually traced to the music store, Kathy was uncertain. She did admit, however, that Hiles had written and delivered a check to the Clousers for purchase of the real estate and that Hiles had co-signed the note and mortgage for construction for the music store building, a debt which is still outstanding.

Hiles's testimony at this contempt hearing directly contradicted his testimony at the hearing on the injunction. He claimed at this hearing that the Sherwood Music Store had been in operation for seven years, having begun on Cline Avenue, but that he never had any interest in the music store— Kathy owned all interest in the store since it was first opened. He had not objected to her continued operation of the business in violation of the injunction because he had no control over her actions; however, he admitted that on one occasion he picked up Kathy after work at the store. Hiles claimed to have done all he could do to divest himself of any interest in the land by listing his interest in the real estate with a broker.

Further contended at the hearing was that Kathy had filed a Certificate of Assumed Business Name on December 16, 1980 (one day before the amended injunction was entered) and that Hiles had not participated in the operation of the music store since the trial court's amended injunction was entered on December 17, 1980.

Judge Arredondo, who did not have the record of the hearing on the injunction request before him, discharged the Rule to Show Cause and denied the Petition for Contempt Citation. Thereafter, adjacent landowners filed an Information to the Indiana Court of Appeals and Petition for Rule to Show Cause, which seeks to have Judge Arredondo, Hiles, attorney Kenneth D. Reed, attorney Gilbert F. Blackmun (an attorney of record), and others, held in contempt of this Court. We do not dispose of that Information in this opinion, but only consider the direct appeal from the trial court's refusal to hold Hiles in contempt.

## ISSUE

Reduced to its essentials, only one issue is presented on this appeal:

Did the trial court abuse its discretion in denying the Petition for Contempt Citation?

PARTIES' CONTENTIONS—Adjacent landowners emphasize that Hiles is merely attempting to evade the law of the case. The hearing on the injunction and subsequent consideration by the Court of Appeals and the Supreme Court establish Hiles's sole ownership of the music store business and his joint ownership, with Kathy, of the real estate on which the music store is located. Whether by estoppel, waiver, or law of the case, Hiles may not assert at this stage of the proceedings that he has no interest in the music store. In any event, Hiles is also responsible for the music

store's being open in violation of the injunction because he has acquiesced in the violation, has reaped benefits from it, and has failed to abate a violation of an injunction on land of which he is co-owner. His conduct is nothing less than "an attempt by him to evade the mandate of this Court and the permanent injunction issued by the Lake Circuit Court." Appellant's Brief at 9.

Hiles urges that the issues to be decided in this appeal are moot because the music store was built during the pendency of the first appeal. Moreover, he had no interest in the music store business merely by his status as a joint owner of the real estate. As joint owner, he had no means to control the activities of the other joint owner of the real estate, who he says owned the business itself.

CONCLUSION—The trial court abused its discretion in denying the Petition for Contempt Citation.

## DISCUSSION

■ Adjacent landowners are appealing from a negative finding on their petition for indirect civil contempt. A finding of indirect civil contempt is appropriate when it is apparent from the record that the parties so charged have violated an order of the court made for the benefit of the opposing party. *Denny v. State*, (1932) 203 Ind. 682, 182 N.E. 313; *Rooker v. Bruce*, (1908) 171 Ind. 86, 85 N.E. 351; *Vanderkooi v. Echelelbarer*, (1968) 250 Ind. 175, 235 N.E.2d 165; *Duemling v. Fort Wayne Community Concerts, Inc.*, (1963) 243 Ind. 521, 188 N.E.2d 274; A. Bobbitt, Works' Indiana Practice § 3.13 (1971).

The trial court in ruling on the Petition for Contempt Citation exercises its discretion, which is only reversible upon a showing of abuse. *Clark v. Clark*, (1980) Ind. App., 404 N.E.2d 23; *Citizens National Bank v. Alexander*, (1905) 34 Ind.App. 596, 73 N.E. 279. We recognize that as a court of appeals we engage in any reasonable presumption in favor of the trial court; we do not presume error, but affirm the trial court's decision if it is sustainable on any

valid legal theory. *Thornton v. Pender*, (1978) Ind., 377 N.E.2d 613, 620; *In Re Marriage of Dreflak*, (1980) Ind.App., 402 N.E.2d 1284, 1285. Our judgment is not substituted for the trial court's even though the circumstances might have justified a different result. *Terry v. Terry*, (1974) Ind. App., 160 Ind.App. 653, 313 N.E.2d 83. Nevertheless, when the trial court's action is clearly against the logic and effect of the circumstances, an abuse of discretion will be found on appeal. *McFarland v. Fowler Bank City Trust Company*, (1938) 214 Ind. 10, 12 N.E.2d 752; *In Re Marriage of Osborne*, (1977) Ind.App., 369 N.E.2d 653, 656.

■ It is undisputed that an injunction was entered on December 17, 1980 enjoining Hiles from using the structure for any purpose which would violate the restrictive covenant and that use of the structure as a music store is a prohibited use. Also undisputed is the fact that the structure in question was used as a music store after the injunction was issued and before the Petition for Contempt Citation was filed. The only matters remaining for the trial court's determination were whether Hiles was responsible for the music store's being open and, if so, whether he should be held in contempt for violating the injunction.

Unlike the trial court, we have the transcript of the first hearing before us and therefore have no difficulty in discerning the operative facts: the record of the first hearing forecloses Hiles from now asserting that he does not own the store. No evidence at the first hearing suggested that Hiles did not own the store or that Kathy owned the store instead of him. The *only* evidence was that he owned the business. So, as a matter of law, Hiles owns the music store. To so judicially notice our records and estop a party from advancing inconsistent positions is within our prerogative. *Indiana Revenue Board v. Hansbrough*, (1981) Ind., 417 N.E.2d 311; *Westfall v. Wait*, (1905) 165 Ind. 353, 73 N.E. 1089; *Lyon v. Lyon*, (1977) Ind.App., 369 N.E. 2d 649; *Automobile Underwriters v. Rich*, (1949) 116 Ind.App. 511, 64 N.E.2d 305; *Studebaker v. Faylor*, (1912) 52 Ind.App. 171, 93 N.E. 318.

Furthermore, established prior to the trial court's entering of the injunction was Hiles ownership of the business. Because he owned the store, the trial court enjoined him from using the structure as a business. The trial judge's decision to do so is now the law of the case. *Egbert v. Egbert*, (1956) 235 Ind. 405, 132 N.E.2d 910; *New York Life Insurance Co. v. Kuhlenschmidt*, (1941) 218 Ind. 404, 33 N.E.2d 340; *Ohio Valley Trust Co. v. Wernke*, (1912) 179 Ind. 49, 99 N.E. 734; *Hinds v. McNair*, (1980) Ind.App., 413 N.E.2d 586; *Board of School Trustees of Baugo Community Schools v. Indiana Education Employment Relations Board*, (1980) Ind.App. 412 N.E.2d 807; *Drost v. Professional Building Service Corp.*, (1978) Ind.App., 375 N.E.2d 241.

For the purposes of this appeal, Hiles owned the music store and was responsible for its being open in violation of the injunction. His arguments otherwise are pure sophistry. Hiles's attorney throughout these proceedings has been Kenneth D. Reed, who has continued to maintain that the appeal is moot because the music store already has been constructed. As he should know, this issue was decided by the Court of Appeals in the prior appeal, and transfer was denied by ·the Supreme Court. This issue, and others repeatedly raised throughout these proceedings, have long been settled as the law of the case. *See* DR 7–102 (Representing a Client Within the Bounds of the Law); *In Re Lemond*, (1981) Ind., 413 N.E.2d 228. We can only conclude that the trial court acted against the logic and effect of the circumstances in failing to cite Hiles for contempt.

We therefore reverse the trial court's denial of the Petition for Contempt Citation and remand this case to the trial court with the instruction that Hiles be cited for contempt within ten days, and further that the action taken be certified to this court within five days thereafter.

NEAL, J., concurs.

YOUNG, J., concurs.