James D. CUNNINGHAM, Fred M. Lutgen, Jr. and Ross Haller, Appellants (Plaintiffs Below),

v.

Doug HILES, Al Gomez, Jr., Arthur C. and Sarah Clouser, Town of Schererville Plan Commission and Town of Schererville, Indiana, A Municipal Corporation, Appellees (Defendants Below).

No. 3–977A234.

Court of Appeals of Indiana, Second District.

Aug. 30, 1982.

William J. Muha, Daniel G. Hoebeke, Zandstra, Zandstra & Muha, Highland, for appellants.

Kenneth D. Reed, Abrahamson, Reed & Tanasijevich, Hammond, for appellees.

ON PETITION FOR REHEARING

BUCHANAN, Chief Judge.

Defendant-appellee Doug Hiles (Hiles) petitions for rehearing of an opinion in which we reversed the Lake Circuit Court and ordered it to cite him for contempt in view of his refusal to obey an injunction enforcing a restrictive land covenant. *Cunningham v. Hiles*, (1982) Ind.App., 435 N.E.2d 49. Hiles protests on rehearing that our opinion (1) contains inaccuracies, (2) exceeds the scope of appellate jurisdiction, (3) weighs the evidence, and (4) misapplies the law.

Our reexamination of the record leaves us even more firmly convinced that our previous opinion must stand.

Because there are overtones of perjury, contempt, and obstruction of justice involved in this case, we now supplement our previous opinion by first restating pertinent facts.

This litigation began over five years ago when adjacent landowners learned that Hiles planned to construct a music store on land he and his wife Kathy Hiles (Kathy) intended to purchase. In a complaint filed on September 14, 1976, adjacent landowners alleged that establishment of a commercial business on the real estate would violate certain restrictive covenants; on March 11 and April 4, 1977, a hearing was held on a second amended complaint to determine whether an injunction would lie. Individual defendants Hiles, Al Gomez (Hiles's contractor), and Arthur and Sarah Clouser (sellers of the real estate) were represented at the hearing by attorney Gilbert F. Blackmun. Representing the Town of Schererville and its Plan Commission was attorney Kenneth D. Reed.

Hiles's testimony at the 1977 injunction hearing merits close scrutiny. His *uncontradicted* testimony on cross-examination by defense counsel shows that, at the time of the injunction hearing, Hiles already owned a music store at a different location:

"Q  *What is your occupation, Mr. Hiles?*

A  I am supervisor of Data Processing installation, Wyman Gordon Data Processing Installation, and *owner of Sherwood Music.*

Q  What was that employer's name?

A  Wyman Gordon.

Q  And where is he located?

A  In Harvey, Illinois.

Q  And *how long have you owned this other business?*

A  *Three years in June [, 1977].*

Q  *And where is that located?*

A  *Route 30 and Cline.*

Q  *And what do you have there at Route 30 and Cline?*

A  *Music studio.*

.    .    .    .    .

Q  And what type of business do you conduct there? What do you do there?

A  We sell accessories and have a music studio.

Q  Also do you give any instructions?

A  Yes.

Q  How many instructors do you have there?

A  I believe like six during the day.

Q  And how many hours a day could you spend there?

A  I spend the evening hours after work there, and on Saturdays.

Q  Do you play a musical instrument?

A  Yes.

Q  And do you give instructions?

A  Yes, I do.

Q  What type of instructions do you give?

A  Guitar.

Q  Spanish, Hawaiian?

A  Spanish.

Q  *Do you have a partner in there—*

A  *No, sir.*

Q  *None whatsoever?*

A  *No, sir.*

Q  *Well, why did Mr. Gomez petition with you before the Schererville Town Board and Plan Commission Town Board?*

A  *Mr. Gomez is my builder.*

Q  So he proposes or, you have contracted with him to build this—

A  Yes.

Q  Is your contract with Mr. Clouser, is that conditioned, or was it conditioned on rezoning?

A  Yes, sir."

Record at B386–88 (emphasis added).

Other testimony revealed that a new location was needed due to business growth. The property now in dispute was found suitable for a new location, which is about one mile from the old store. Not only did Hiles and Kathy contract with the Clousers for purchase of the land (contingent on rezoning), Hiles individually contracted with a builder based on detailed plans drawn by Hiles's architect. Our earlier opinion summarized evidence of Hiles's involvement with the proposed music store:

"he described the parking arrangements; types of materials for the walls, roof, and exterior; anticipated number of students per hour; number of instructors; type of instruments to be sold; and the type of lessons which would be given."

435 N.E.2d at 50.

Even though she subsequently would seek a major role in litigation, Kathy was not a witness in this injunction hearing. Indeed, the only context in which her name was mentioned was as *potential co-owner*, with Hiles, *of the real estate* in question. Although the term "we" was employed occasionally by Hiles in describing the planned *operation of the business*, the remaining party constituting the "we" was never identified. The *only evidence was that Hiles was sole owner of the business at the old store which he was moving to the new*

*location.* (Likewise, no evidence suggested that Kathy owned any part, or would own any part, of the business.) This fact became part of the law of the case.

The Lake Circuit Court on April 4, 1977, determined that the restrictive covenant was unenforceable, and an appeal was taken by adjacent landowners. At this point in the proceedings, the defendant-appellees switched legal counsel: Attorney Reed undertook representation of the individual defendants—an endeavor he has continued. The Third District of this Court on October 24, 1979, reversed the trial court's decision and ordered the issuance of a permanent injunction prohibiting construction of the music store. *Cunningham v. Hiles,* (1979) Ind.App., 395 N.E.2d 851.

A petition for rehearing was filed following the Third District's decision in which Hiles stated that "the Defendants-Appellees constructed the music store," during the pendency of the appeal and "it is in existence today." Kathy was not a defendant-appellee. As in the original hearing, the only reference to her remained as co-owner of the real estate. (Attorney Reed had prepared the deed in May 1977 transferring ownership from the Clousers to Hiles and Kathy).

Hiles proposed that construction of the store had rendered the appeal moot. Judge Staton, writing for a unanimous Third District, rejected the mootness argument; instead, Hiles had "tardily-raised" the issue by failing to place the issue before the court by way of available "petitions, motions, or challenges by verified pleadings." The issue was waived; "Hiles built the music store at his own peril." *Cunningham v. Hiles,* (1980) Ind.App., 402 N.E.2d 17, 20–22. The petition for rehearing was denied, but the Third District did modify its mandate by directing the trial court to enjoin "the use of the structure for any purpose which violates the terms of the restrictive covenant." *Id.* at 22. A second petition for rehearing and a petition to transfer to the Indiana Supreme Court were both denied without opinion on July 24, 1980.

Discovering that transfer had been denied, adjacent landowners filed a motion with the trial court on August 5, 1980, requesting that a hearing be held for issuance of the permanent injunction; the hearing date set was October 1, 1980. Numerous pleadings and delays followed the request, including another surprise: On October 1, a petition for leave to intervene was filed by attorneys Reed and Blackmun on behalf of Kathy. Despite the fact that Kathy's name had not been mentioned with respect to ownership of the music store business at the original injunction hearing held 2½ years earlier, and despite the fact that her name never had been referred to when Hiles petitioned for rehearing and transfer alleging that "the Defendants-Appellees constructed the music store," Kathy sought to intervene "individually and doing business as Sherwood Music Center." Record at 42.

An injunction finally was entered by the trial court on November 20, 1980, after adjacent landowners had filed with this court a Verified Application for Writ of Mandate in Aid of Appellate Jurisdiction. The injunction as entered was short-lived. On December 10, the parties appeared in court, where Hiles moved to set aside the injunction and adjacent landowners filed a Petition for Citation and Rule to Show Cause. Also, the trial court denied Kathy's petition to intervene. In apparent response to the denial of intervention, Kathy filed a Certificate of Assumed Business Name on December 16, the day before the trial court entered an amended injunction on December 17 as part of a scheduled hearing. The injunction as amended reads:

"IT IS THEREFORE ORDERED, ADJUDGED and DECREED by the Court that the Defendants, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them, be, and they are hereby permanently enjoined and restrained from using the structure for any purpose which violates the terms of the restrictive covenants as defined by the Indiana Court of Appeals by its decision dated March 25, 1980, which covenant is

attached hereto, incorporated herein by reference and made a part hereof as Exhibit "A", all upon real estate described as follows:

### [H.I.]

IT IS FURTHER ORDERED, ADJUDGED and DECREED that this order shall take full force and effect instanter."

The next day, December 18, 1980, *Hiles for the first time alleged* that he at one time had owned an interest in the music store business, but that he no longer owned any interest in the business. In response to the Petition for Citation and Rule to Show Cause filed on December 10, Hiles alleged:

"(5) Your affiant is not in violation of said Injunction of November 20, 1980, in this that, he is not using the structure for any purpose which violates the terms of the Restrictive Covenant, as defined by the Indiana Court of Appeals by its decision dated March 25, 1980. Affiant is employed fulltime as a Data Processing Operations Supervisor in the State of Illinois. Your *affiant has relinquished all of his interest in and to the Sherwood Music store business and has listed for sale* with a broker *his interest in the subject real estate.*"

Record at 203 (Verified Answer and Return to "[First] Verified Petition for Citation and Rule to Show Cause"; prepared by attorney Reed) (emphasis added).

The music store remained open for business. Understandably, the adjacent landowners were dismayed, so on December 19 they filed another petition for citation grounded on the amended injunction. Hiles essentially repeated the above-quoted material in response, adding that Kathy paid for construction of the building and *had been co-owner* of the business, but was *now sole owner* of the business:

"(d) Plaintiffs have failed to allege or assert in their application for citation and rule to show cause that your respondent has either the capacity or the legal right or power to prevent the subject structure and/or real estate from being used for any purpose not consistent with the subject covenant. In truth and in fact, respondent has no capacity or power, the simple fact being that *plaintiffs*, from the original instance to and including this very day, *have wholly failed and neglected to join as a party to this case one Kathy Hiles, who is a co-owner of the real estate and structure involved, and who, from her own funds, bought and paid for the same, and who was the co-owner of the commercial enterprise involved, and who is now the sole owner of that enterprise...."*

Record at 293 (Verified Answer and Return to "[Second] Verified Petition for Citation and Rule to Show Cause"; prepared by attorney Reed) (emphasis added).

Kathy meanwhile sought federal court action on the trial court's denial of her motion to intervene. Filing an action on December 31, in the United States Federal District Court for the Northern District of Indiana, she charged that a continuation of the proceedings would deny her due process. The federal court granted a motion to dismiss on principles of comity and abstention. *Hiles v. Cunningham*, (1982) (N.D.Ind.) Jan. 14, 1982, No. H 80–743.

Following numerous delays, a hearing on the petition for contempt citation was held on May 21, 1981. At the hearing, Kathy testified that she was sole owner and proprietor of the new music store, that she had purchased the land and the building with her own funds, and that Hiles had not in any way participated in the conduct of the business since December 17, 1980. She did admit, however, that Hiles had written the check in purchasing the real estate and that he had signed the note and the mortgage for construction of the building. That debt was still outstanding on December 16, 1980.

Hiles's testimony corroborated Kathy's assertion that she was the sole owner and operator of the new music store after the injunction was issued on December 17, contrary to the evidence at the 1977 injunction hearing that it was Hiles who would construct the building and own the business. In addition, Hiles's allegations took yet another turn; he directly contradicted his tes-

timony at the injunction hearing: although on April 14, 1977 (the date of Hiles's testimony at the injunction proceeding) Hiles had testified that he owned the old music store business located at Route 30 and Cline with no partner "whatsoever," the contempt hearing testimony from Hiles, on May 21, 1981, was that Kathy had owned the Sherwood Music Center when it first opened at its location on Cline Avenue:

> "Q  Mr. Hiles, how long has the Sherwood Music Center be [sic] in operation?
>
> A  Seven years in June [, 1981].
>
> Q  And when it opened, was it at the present location?
>
> A  No.
>
> Q  Where was it located?
>
> A  2301 Cline Avenue.

.    .    .    .    .

MR. ZANDSTRA: Q  *Mr. Hiles, who owned the Sherwood Music Center when it first opened?*

A  *My wife.*

Q  *Your wife did?*

A  *Right.*

.    .    .    .    .

MR. ZANDSTRA: Q  *Mr. Hiles, have you ever had an ownership monetary interest in the Sherwood Music Center business?*

A  No."

Record at 17–18 (emphasis added).

When reminded of his testimony at the first injunction hearing, Hiles failed to recall it and stressed that he had not transferred any ownership to Kathy because he had never owned any interest in the business:

> "Q  Mr. Hiles, reading here from the transcript of the evidence of the trial in this matter, Page 386, under cross examination, and I will read as follows:—

.    .    .    .    .    .

MR. ZANDSTRA: *Mr. Hiles, do you recall*—excuse me.  *On or about April 4, 1977, in the trial of this matter when you were asked, "How long have you owned*

*this other business?" and you answered, "Three years in June?"*

.    .    .    .

MR. ZANDSTRA: Q  Do you recall that Mr. Hiles, so testifying?

A  *I don't recall.*

.    .    .    .

MR. ZANDSTRA: Yes.  Q  Mr. Hiles, *did there come a time in the fall of 1980 when you signed papers and divested yourself of any interest you may have had in the operation and business enterprise known as Sherwood Music Center?*

A  *The business itself and the real estate, I am not quite—my wife owned the entire thing so I really didn't have an interest as far as—*

THE COURT: When you say she, "owned the entire thing," what are you talking about?

THE WITNESS: Her funds.  She provided the funds for the entire business, inventories, real estate, and so *I couldn't really say I owned anything.  I divested, what could I divest?*  Unless I originally had the original funds to by [sic] it myself.  They were her funds and so I really didn't have—"

Record at 18–21 (emphasis added).

As we indicated in our prior opinion, Judge Arrendondo (successor to the trial judge at the injunction proceeding) did not have the entire record of the hearing on the injunction request physically placed before him; yet, the contradiction in testimony was placed before him.  He nevertheless discharged the Rule to Show Cause despite the final judgment of the Third District of this court and denied the Petition for Contempt Citation.  Thereafter, an appeal was taken to this court by adjacent landowners who also filed an Information in the Court of Appeals seeking to have Judge Arrendondo, Hiles, attorney Reed, attorney Blackmun, and others held in contempt of this court.  We reversed the trial court's dismissal of the petition for contempt citation against Hiles:

> "We therefore reverse the trial court's denial of the Petition for Contempt Cita-

tion and remand this case to the trial court with the instruction that Hiles be cited for contempt within ten days, and further that the action taken be certified to this court within five days thereafter."

435 N.E.2d at 54.

*To recapitulate.* On April 4, 1977, Hiles testified at the injunction hearing that he solely owned a music store business on Cline Avenue and that he planned to construct, own, and operate a new business on land adjacent to that of the complaining landowners, with land to be purchased in his and his wife's names. *After* the trial court's decision was reversed, Hiles attempted to circumvent the decision by alleging changed circumstances in that he had constructed the new store during pendency of the appeal. *After* his mootness argument failed and transfer was denied by the Indiana Supreme Court, Kathy entered the picture as a permanent injunction was about to issue against Hiles. *After* intervention failed, as well as an attempt to obtain a federal injunction against the Lake County proceedings, and with a contempt citation about to issue, Hiles asserted a new defense that he had once owned an interest in the business but had since divested it to Kathy. *After* this defense failed, Hiles revealed at the contempt hearing that he had forgotten his earlier testimony regarding ownership. He now claimed that he had never owned the music store business at any location, that he had not constructed the new store, and that he had never transferred any interest to Kathy; Hiles did concede that he knew the business was open after the injunction was entered but did not object.

In our opinion we concluded that Hiles was bound by uncontroverted evidence established in the first appeal: He could not change the operative facts once the injunction was about to issue, for they became part of the law of the case. His violation of the injunction was established by his own testimony; thus the trial court's denial of a contempt citation was reversed.

In Hiles's Petition For Rehearing, signed by Kenneth D. Reed as Hiles's counsel, issue is taken with our previous statement that Hiles's

"attorney throughout these proceedings has been Kenneth D. Reed, who has continued to maintain that the appeal is moot because the music store already has been constructed. As he should know, this issue was decided by the Court of Appeals in the prior appeal, and transfer was denied by the Supreme Court. This issue, and others repeatedly raised throughout these proceedings, have long been settled as the law of the case. *See* DR 7–102 (Representing a Client Within the Bounds of the Law); *In re Lemond*, (1981) Ind., 413 N.E.2d 228."

*Cunningham v. Hiles*, (1982) Ind.App., 435 N.E.2d 49, 54. Attorney Reed points out that Gilbert F. Blackmun was counsel for Hiles at the original injunction proceeding. This is true. It is also true that Reed was counsel for co-defendants at the original injunction proceeding and was counsel for Hiles in the first appeal. Reed himself informs us as part of a sworn affidavit filed on December 29, 1980, in requesting a continuance that:

"Your affiant is the only attorney, as far as he knows, who is fully conversant with the facts and law of the case, and hence, the only one available to adequately represent and protect the interests of Doug Hiles in this litigation."

Record at 251.

■ Citing no case law in support, Hiles urges that our instruction to the trial court for Hiles to be cited for contempt is beyond the scope and purview of Ind.Rules of Procedure, Appellate Rule 15(N). This is not so. The dispositional alternatives available under A.R. 15(N) are coextensive with those which the trial court may grant in acting upon a motion to correct errors. *Schmal v. Lake Superior Court*, (1975) 264 Ind. 73, 339 N.E.2d 58; *Cunningham v. Hiles*, (1980) Ind.App., 402 N.E.2d 17; *Stewart v. Hicks*, (1979) Ind.App., 395 N.E.2d 308; *McCarthy v. McCarthy*, (1971) 150 Ind.App., 640, 276 N.E.2d 891. The very words of A.R. 15(N) are that this court may grant "appropriate relief."

Hiles complains we weighed the evidence and that our decision was erroneously predicated "upon excerpts of testimony and evidence taken from a record of proceedings in a former appeal, which excerpts and record thereof were not before the trial court and are, in fact and in law, extrinsic to and de hors the record of proceedings before the Court of Appeals in the captioned case," and further that we "turned the entire case upon the theory that Doug Hiles had advanced inconsistent testimony and positions during the *trial of two different cases*, at two different times, and involving two different stores at two different locations . . . ." Petition for Rehearing at 2, 5 (emphasis added). This court may not, he says, "review records of prior proceedings to determine whether or not certain party-witnesses gave inconsistent testimony as subsequent proceedings, and then to determine which testimony was factual." [1] *Id.* at 7.

▇ Hiles fails to comprehend that all these proceedings constitute one case which has various stages, and that he is bound by the law of the case, *i.e.*, for the purpose of determining whether he is in contempt of court as the owner of the music business for violation of the injunction it has already been determined that an injunction should be (and was) issued and that he is the owner of the business. It is well established that a trial court has the duty to examine its own records whether it involves one stage or several stages of an entire proceeding. Also, an appellate court may take judicial notice of the contents of records, briefs, and opinions in a former appeal. *Apple v. Greenfield Banking Co.*, (1971) 255 Ind. 602, 266 N.E.2d 13; *In re Harrison*, (1953) 231 Ind. 665, 109 N.E.2d 722; *State ex rel. Stanton v. Murray*, (1952) 231 Ind. 223, 108 N.E.2d 251; *Mitchell v. Godsey*, (1944) 222 Ind. 527, 53 N.E.2d 150;

*Blankenbaker v. State*, (1929) 201 Ind. 142, 166 N.E. 265; *Russell v. McKinstry*, (1949) 119 Ind.App. 625, 86 N.E.2d 711; *City of New Albany v. Lyons*, (1918) 69 Ind.App. 478, 118 N.E. 587; *Graves v. Kelley*, (1916) 62 Ind.App. 164, 112 N.E. 899; *Macy v. Landley*, (1912) 54 Ind.App. 157, 99 N.E. 790.

▇ And so it is that facts established at one stage of a proceeding which were part of an issue on which judgment was entered and appeal taken, unalterably and finally established as part of the law of the case, may not be relitigated at a subsequent stage. This is part of the law of the case principle. In this sense it is similar to res judicata in that it furthers a timely termination of disputes and avoids otherwise endless litigation. *Hines v. McNair*, (1980) Ind.App., 413 N.E.2d 586. Even if the judgment is erroneous, it nevertheless becomes the law of the case and thereafter binds the parties unless successfully challenged on appeal. *Oviatt v. Behme*, (1958) 238 Ind. 69, 147 N.E.2d 897. Thus, all issues decided directly or by implication in a prior decision are binding in all further portions of the same case. *In re Lemond*, (1980) Ind., 413 N.E.2d 228; *Stanrey Court v. Horizon Construction, Inc.*, (1976) 168 Ind.App. 164, 342 N.E.2d 645; *Deckard v. Mathers*, (1972) 152 Ind.App. 440, 284 N.E.2d 92, and other case cited at *Cunningham v. Hiles*, (1982) Ind.App., 435 N.E.2d 49, 52.

▇ All the sound and fury of Hiles's arguments and manipulations are for naught. His responsibility for the conduct of the business had already been determined and was final. That issue was determined by his own testimony in 1977 and could not be relitigated in 1981 after a decision unfavorable to him was decided by this court. The operative facts were

---

1. In his rehearing petition, Hiles also claims that our "decision and Opinion, determines (at page 7) that: 'in any event, Hiles is also responsible for the music store's being opened in violation of the injunction because he has acquiesced in the violation, has reaped benefits from it, and has failed to abate a violation of an injunction on land of which he is co-owner.'" *Id.* at 4. The quoted material is under the

heading "PARTIES' CONTENTIONS" and was merely a summary of the adjacent landowners' contentions. This theory was not addressed in our opinion. We also observe that the rehearing petition is argumentative in form without accompanying brief and perhaps subject to dismissal on that basis. Within our discretion, we address the issues on the merits. *See* Appellate Rule 11(A).

brought to the trial court's attention, and it abused its discretion in not acting accordingly.

During our consideration of this Petition Reed has filed (July 21, 1982) a petition to withdraw as counsel for Hiles, no reasons being given. It is denied. If transfer is sought, the Supreme Court may consider the matter.

The petition for rehearing is denied.

NEAL and YOUNG, JJ., concur.