**Harold J. KLINKER, Appellant–Defendant,**

v.

**FIRST MERCHANTS BANK, N.A., Appellee–Plaintiff.**

No. 01A04–1003–PL–247.

Court of Appeals of Indiana.

Dec. 17, 2010.

Rehearing Denied Feb. 15, 2011.

J. Brian Tracey, Gevers & Tracey, Fort Wayne, IN, Attorney for Appellant.

Scott B. Ainsworth, DeVoss, Johnson, Zwick, Baker & Ainsworth, Decatur, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

Harold J. Klinker[1] (Klinker) appeals summary judgment for First Merchants

1. The appellant's full name is Harold Joe Klinker, and is often referred to in the record

Bank, N.A. (Bank). Klinker raises multiple issues, but we address only two:

1. Did the trial court err when excluding Klinker's affidavit?
2. Was summary judgment for Bank appropriate?

The trial court should have considered Klinker's affidavit in opposition to Bank's summary judgment motion, but summary judgment for Bank nevertheless was appropriate. We accordingly affirm.

## FACTS AND PROCEDURAL HISTORY

Klinker borrowed money from Bank to purchase vehicles for his used car dealership, Trucks Unlimited. The loan agreements required Klinker to pay money to Bank from the proceeds of each vehicle sold, and Klinker personally guaranteed payment. When Klinker did not pay on his loan, Bank audited Klinker's dealership. Klinker could not account for thirty-one vehicles for which Bank had provided purchase money, and therefore Klinker and Trucks Unlimited were in breach of those loan agreements.

On March 17, 2009, based on the findings from the audit, Bank filed a complaint against Klinker and various other parties.[2]

The complaint alleged fraud and sought enforcement of the notes, floor plan agreements, and guarantees, and foreclosure of mortgages, assignments, and security.

Bank filed a motion for summary judgment on November 25, 2009, and Klinker responded December 23. On January 19, 2010, the trial court granted summary judgment in favor of Bank on all counts, and noted:

> Joe [Klinker] has filed a Response to Summary Judgment herein, but has failed, in accordance with Indiana Trial Rule 56(C), to designate to the Court all parts of pleadings, and any other matters on which it relies for purposes of the Motion. Therefore the Affidavit of Harold Joe Klinker is not properly before the Court for consideration.

(App. at 187.) Klinker filed a Motion to Reconsider,[3] which the court denied.

## DISCUSSION AND DECISION[4]

The trial court excluded Klinker's affidavit on the ground it was not properly designated in his memorandum in opposition to Bank's motion for summary judgment. The trial court then concluded that, without that affidavit, Klinker had not

---

as "Joe."

2. The trial court's grant of summary judgment included the Bank's claims against the other parties to the action; however, only Klinker appeals.

3. We note a Motion to Reconsider does not extend the time by which an party may appeal a trial court's ruling, *see* T.R. 53.4(A) (filing of motion to reconsider does not delay any further proceedings), and is appropriate for requesting reconsideration of "orders or rulings upon a motion." *Id.* However, Klinker is appealing the grant of summary judgment, which is a final judgment against him because it disposed of all claims as to all parties. *See* Appellate Rule 2(H). To request a trial court reconsider a final judgment, a party should

file a Motion to Correct Error. *See* T.R. 59(C) (motion must be filed not later than 30 days after entry of final judgment). Unlike a Motion to Reconsider, the filing of a Motion to Correct Error delays further proceedings, T.R. 53.3, and the entry of an order on the Motion to Correct Error is a new appealable final order. *See* T.R. 59 (trial court's decision regarding motion to correct error is final appealable judgment). Thus, despite the misnomer, we consider his motion to have been a motion to correct error and hold his notice of appeal was timely filed.

4. The poor quality of the copying in Klinker's appendix rendered much of it difficult or impossible to read. This hindered our review of his appeal, and we admonish counsel to monitor the quality of copying in future filings.

demonstrated any genuine issues of material fact that precluded summary judgment. We disagree with the exclusion of the affidavit but find no error in the entry of summary judgment.

### 1. Klinker's Affidavit

 The designation requirement of Indiana Trial Rule 56(C) is intended to aid the efficiency of summary judgment proceedings by ensuring that the parties and the trial and appellate courts are not required to search the record to discern whether there is an issue of material fact. *Nobles v. Cartwright*, 659 N.E.2d 1064, 1070 (Ind.Ct.App.1995). The rule provides:

> At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto.

T.R. 56(C). The designation requirement is met if the trial court is aware of the materials on which a party relies when opposing a motion for summary judgment. *Mid State Bank v. 84 Lumber Co.*, 629 N.E.2d 909, 913 (Ind.Ct.App.1994).

Klinker attached one document, his own eight-paragraph affidavit, to his memorandum in opposition to Bank's motion for summary judgment. The trial court excluded Klinker's affidavit on the ground it was not properly designated in his memorandum. We hold, under these facts, the designation was sufficient.

Klinker's affidavit was the only attachment to Klinker's memorandum. In his memorandum, Klinker made reference to

his affidavit: *e.g.*, "Joe's affidavit establishes...." (App. at 182.) As there was only one attachment, the references to "Joe's affidavit" in the memorandum clearly referred to the attached document entitled, "Affidavit of Harold Joe Klinker.". Thus, the court had to be aware of the materials Klinker relied on in his memorandum. *See, e.g., Justice v. Clark Mem'l Hosp.*, 718 N.E.2d 1217, 1219 n. 2 (Ind.Ct. App.1999) ("As long as a trial court is aware of the materials a party relies upon in opposition to a motion for summary judgment, the designation requirement is met."). In addition, as the affidavit contained only eight paragraphs and spanned only two pages, this is not a situation in which Klinker's reference to his affidavit as a whole lacked the "specificity" we expect of Trial Rule 56 designations. *See, e.g., 84 Lumber Co.*, 629 N.E.2d at 913 (three-page affidavit attached to motion for summary judgment was properly designated for consideration despite the lack of a specific pleading entitled, "Designated Materials"). Therefore, under these facts, the court erred by refusing to consider Klinker's affidavit.

### 2. Summary Judgment

 Even if Klinker's affidavit had been considered, summary judgment for Bank was proper. Summary judgment is appropriate if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." T.R. 56(C). The moving party bears the burden of making a *prima facie* showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Huntington v. Riggs*, 862 N.E.2d 1263, 1266 (Ind.Ct. App.2007), *trans. denied.* If the moving party meets these two requirements, the burden shifts to the non-movant to set

forth specifically-designated facts showing that there is a genuine issue of material fact for trial. *Id.*

"A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue." *Id.* "On appeal, we are bound by the same standard as the trial court, and we consider only those matters which were designated at the summary judgment stage." *Id.* We will liberally construe the non-movant's designated evidence to ensure he is not improperly denied his day in court. *Ind. Dept. of Rev. v. Caylor–Nickel Clinic,* 587 N.E.2d 1311, 1313 (Ind.1992).

Bank alleges Klinker committed fraud in violation of Ind.Code §§ 35–43–5–4 and 35–43–5–8, and Bank suffered damages.[5] Ind.Code § 35–43–5–4 states in relevant part, "[a] person who . . . (8) with intent to defraud the person's creditor or purchaser, conceals, encumbers, or transfers property . . . commits fraud, a Class D felony." Ind.Code § 35–43–5–8 states in relevant part:

A person who knowingly executes, or attempts to execute, a scheme or artifice . . . (2) to obtain any of the money . . . or other property owned by or under the custody or control of a state or federally chartered or federally insured financial institution by means of false or fraudulent pretenses, representations, or promises; commits [fraud] a Class C felony.

Therefore, Bank was required to prove the element of intent in order to be successful in their claim.

Generally, issues concerning a party's state of mind are improper for summary judgment. *Morgan Co. Hosp. v. Upham,* 884 N.E.2d 275, 283 (Ind.Ct.App. 2008). However, fraudulent intent "may be inferred from various factors or 'badges of fraud' present in a given transaction." *Diss v. Agri Bus. Intern., Inc.,* 670 N.E.2d 97, 99–100 (Ind.Ct.App.1996) (internal citations omitted). These factors include:

1. transfer of property by a debtor during the pendency of a suit;

2. transfer of property that renders the debtor insolvent or greatly reduces his estate;

3. a series of contemporaneous transactions which strip a debtor of all property available for execution;

4. secret or hurried transactions not in the usual mode of doing business;

5. any transaction conducted in a manner differing from customary methods;

6. a transaction whereby the debtor retains benefits over the transferred property;

7. little or no consideration in return for the transfer; and

8. a transfer of property between family members.

*Otte v. Otte,* 655 N.E.2d 76, 81 (Ind.Ct. App.1995), *reh'g. denied.* "As no single indicium constitutes a showing of fraudulent intent *per se,* the facts must be taken together to determine how many badges of fraud exist and if together they amount to a pattern of fraudulent intent." *Id.*

In its Motion for Summary Judgment, Bank asserted Klinker had engaged in three of the badges of fraud: transfer of property that renders debtor insolvent or

---

**5.** We acknowledge the use by Bank of the criminal definitions of fraud in its civil complaint. *Amer. Heritage Banco, Inc. v. McNaughton,* 879 N.E.2d 1110, 1117 (Ind.Ct. App.2008), states the common law elements of fraud are not appropriate to use in an action alleging fraud against a financial institution, and thus the criminal definitions are proper in the instant case as it involves allegations of fraud against a financial institution.

greatly reduces his estate, secret or hurried transactions not in the usual mode of business, and transactions conducted in a manner differing from customary methods. Bank specifically alleged Klinker and Trucks Unlimited "sold and transferred the Missing Vehicles without paying down loans, thus creating insolvency, sold vehicles contrary to standard business transactions when they did not deliver titles to buyers until well after the sale, thus denying Bank, the possessor of the titles, concurrent knowledge of the sale, and made sales/transfers without the knowledge of Bank, despite contractual obligations to do so, in secret and/or hurried transactions." (App. at 110.)

■■ Klinker's affidavit did not raise genuine issues of material fact. "A fact is material if it tends to facilitate resolution of any of the issues either for or against the party having the burden of persuasion on that issue." *Brandon v. State*, 264 Ind. 177, 180, 340 N.E.2d 756, 758 (1976), *reh'g denied.* "However, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the litigation." *Hayes v. Second Nat'l Bank of Richmond*, 176 Ind.App. 299, 302, 375 N.E.2d 647, 650 (1978) (citations omitted), *reh'g denied.* In other words, a factual issue is "material" if it bears on the ultimate resolution of relevant issues, while a factual issue is "genuine" if it is not capable of being conclusively foreclosed by reference to undisputed facts. *Stuteville v. Downing*, 181 Ind.App. 197, 198–99, 391 N.E.2d 629, 631 (Ind.Ct.App.1979).

■■ Self-serving statements do not create a genuine issue of material fact to preclude the grant of summary judgment. *Clark v. Estate of Slavens*, 687 N.E.2d 246, 251 (Ind.1997), *abrogated on other grounds by Indiana Farmers Mut. Ins.*

*Co. v. Richie*, 707 N.E.2d 992 (Ind.1999). "[T]ransparent contentions, mere pleading allegations, and self-serving unverified statements of facts, as opposed to the movant's controverting evidentiary materials cannot defeat a motion for summary judgment." *Raymundo v. Hammond Clinic Ass'n*, 449 N.E.2d 276, 282 (Ind. 1983).

Klinker's affidavit states:

1. At no time did I have any intent to defraud First Merchant's Bank, National Association ("the Bank") and I did not conceal, encumber or transfer any property with the intent to defraud the Bank; likewise,

2. I did not knowingly execute or attempt to execute any scheme to obtain any money or property of the Bank;

3. To my knowledge, I made no material representations of a past or existing fact to the Bank that were untrue nor with the intent to deceive nor that the Bank relied upon which caused the Bank any injury or damage;

4. Dealers of used vehicles somewhat regularly put their vehicles on other dealer's [sic] lots when they and the other dealer think it might lead to a quicker and more profitable sale; and,

5. With respect to allegations made by Andrew Guise, it was either a mistake of fact on my part or on his part as to which vehicle was off the lot being test driven; and,

6. I sold the vehicles at issue with the same intent I always had—to sell a quality product at a fair price and to perhaps profit in the process.

7. And, I did not knowingly execute any scheme to obtain any money nor property owned by the bank—the money had already been loaned, the trucks were never the Bank's nor were the titles to the trucks ever the Bank's.

8. Since this lawsuit was filed, no defendant has disputed that the note(s) sued upon were in default.

(App. at 181.) We conclude paragraphs 1, 2, 3, 6, and 7 are transparent, self-serving contentions and Klinker has not cited evidence to support those assertions. Paragraphs 4 and 5 are attempts to counter the allegations set forth by Bank but, again, no supporting evidence is cited. Finally, paragraph 8 supports Bank's position, as it amounts to an admission Klinker was in default. Klinker's summary judgment memorandum argues the points set forth in his affidavit, but does not designate any real evidence to support his assertions. Therefore, the assertions in Klinker's affidavit and memorandum in opposition to Bank's motion for summary judgment do not create a genuine issue of material fact as is required to defeat Bank's motion for summary judgment.[6] *See, e.g., Raymundo* 449 N.E.2d at 282 (affidavit which failed to include specific facts in conjunction with self-serving statements of conclusion did not create genuine issue of material fact)

## CONCLUSION

The trial court erred in excluding Klinker's affidavit, but summary judgment was proper because even with Klinker's affidavit, there was no genuine issue of material fact.

Affirmed.

ROBB, J., and VAIDIK, J., concur.

---

6. In his reply brief, Klinker requests attorney's fees pursuant to App. R. 66(E), which allows us to award damages, including attorney's fees, if the response to an appeal is "frivolous or in bad faith." As reflected by our decision in favor of Bank, we cannot find its response frivolous or in bad faith and accordingly deny Klinker's request.