## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 29 2016, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nancy A. McCaslin
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dwayne Pettis,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 29, 2016

Court of Appeals Case No.
20A03-1603-CR-487

Appeal from the Elkhart Superior Court

The Honorable Stephen R. Bowers, Judge

Trial Court Cause Nos.
20D02-0601-FC-23
20D02-1001-PL-4

**Baker, Judge.**

[1] Dwayne Pettis appeals the trial court's order classifying him as a sexually violent predator based upon two 1990 convictions. Pettis argues that the trial court was without authority to issue this order, that the order was prevented by principles of res judicata, and that the classification constitutes an unconstitutional ex post facto punishment. Finding no error, we affirm.

## Facts

[2] On October 1, 1990, Pettis pleaded guilty to class A felony sexual deviate conduct and class A felony rape. The trial court sentenced Pettis to concurrent fifty-year terms. On June 6, 1996, the trial court modified Pettis's sentence, suspending ten years. On April 17, 2006, the trial court again modified the sentence, ordering the balance suspended and ordering that Pettis serve four years of home detention. Upon his release, Pettis was required to register as a sex offender. After numerous violations of home detention, the trial court revoked Pettis's placement in 2008 and ordered him to serve the balance of his sentence. Also in 2008, Pettis pleaded guilty (in separate causes) to class D felony failure to register as a sex offender and class C felony burglary.

[3] Included in the terms of probation for his class D felony failure to register as a sex offender was a designation of Pettis as a sexually violent predator and a concomitant requirement that he register as a sex offender for life. On April 1, 2010, Pettis filed a petition to be removed from the requirement to register as a sex offender. On December 22, 2010, the trial court denied the petition as it pertained to the registration requirement but also found that Pettis was not a

sexually violent predator (the "2010 Order"). The trial court based its decision on *Buss v. Harris*, 926 N.E.2d 1110 (Ind. Ct. App. 2010), *vacated*. Neither Pettis nor the State appealed this order.

[4]     On September 16, 2015, Pettis filed a motion to modify his sentence. The trial court issued its order on Pettis's motion on February 5, 2016. In pertinent part, the order states as follows:

> After reviewing the [2010 Order] and the case law, the Court revises its previous ruling and now holds that Mr. Pettis is not entitled to relief from his sexually violent predator status. . . .
>
> Changes to the case law since the Court's order of December 22, 2010, have returned Mr. Pettis to the sexual[ly] violent predator classification and subjects Mr. Pettis to the reporting requirements of a sexually violent predator. . . . The Court specifically cited *Buss v. Harris*, 926 N.E.2d 1110 (Ind. Ct. App. 2010, and noted, "the facts of [Mr. Pettis'] case are squarely on line with those in" *Harris*.
>
> Since the [2010 Order], the Indiana Supreme Court reversed the Court of Appeals in *Lemmon v. Harris*, 949 N.E.2d 803 (Ind. 2011). [fn 1] The Supreme Court held that the conditions imposed on sexually violent predators . . . do not constitute *ex post facto* punishment. As a result, the relief provided in [the 2010 Order] was improper. Mr. Pettis is a sexually violent predator by operation of law under I.C. § 35-38-1-7.5(b)(1). Mr. Pettis must comply with the reporting requirements in the statute unless and until the Court grants relief under subsection (g). . . . The Court summarily denies Mr. Pettis' request for a modification of his sentence.

> [fn] While *Buss v. Harris* was pending, Bruce Lemmon
> replaced Edwin Buss as the Commissioner of the Indiana
> Department of Correction[]. Lemmon was substituted for
> Buss as the party in interest.

Appellant's App. Vol. 5 p. 66-67. Pettis now appeals his classification as a sexually violent predator.

## Discussion and Decision

Pettis contends that the trial court erred by reversing course from the 2010 Order and designating him as a sexually violent predator. He essentially raises three arguments in support of this contention: (1) the trial court had no authority to act sua sponte in correcting the 2010 Order; (2) the 2010 Order is res judicata and may not now be modified; and (3) the classification as a sexually violent predator constitutes an unconstitutional ex post facto punishment. All of these arguments can be addressed by turning to the language of the relevant statute and our Supreme Court's interpretation of that language.

## 1. The Act

The Indiana Sex Offender Registration Act (the Act) "generally requires persons convicted of certain offenses to register with local law enforcement agencies and to disclose detailed personal information." *Lemmon v. Harris*, 949 N.E.2d 803, 805 (Ind. 2011). The Act has been amended multiple times since first being enacted in 1994. In previous versions of the Act, the trial court was required to determine at the sentencing hearing whether a person was a sexually

violent predator. *Id.* at 806. But in 2007, the Act was again amended and now provides that—unless the person does not otherwise qualify as a sexually violent predator under the statute—the trial court no longer "determines" sexually violent predator status.[1] *Id.* at 807.

[7] Specifically, Indiana Code section 35-38-1-7.5 provides that a person who commits an offense included in an enumerated list, which includes both rape and criminal deviate conduct,[2] is a sexually violent predator. Subject to exceptions not relevant in the instant case, "a person is a sexually violent predator *by operation of law*" if the offense is included in the enumerated list and the person was released from incarceration, secure detention, probation, or parole for that offense after June 30, 1994. I.C. § 35-38-1-7.5(b) (emphasis added).

[8] In this case, Pettis committed two offenses—rape and criminally deviate conduct—that qualify him as a sexually violent predator. And, because he was released from incarceration for those offenses after June 30, 1994, he is a sexually violent predator by operation of law.

---

[1] The Act has been amended since 2007, but all provisions relevant to this case remain the same in the current version.

[2] The crime of criminal deviate conduct no longer exists in Indiana. But a prior conviction for the offense is still included as a predicate crime for designation as a sexually violent predator.

## 2. *Harris*

In *Harris*, the defendant argued that he was not subject to the 2007 amendment of the Act. Specifically, he contended "that the DOC is not authorized to change his status to SVP where the trial court at sentencing did not make that determination and further argues that his status did not change by operation of law." 949 N.E.2d at 808. Our Supreme Court disagreed:

> [U]nder the 2007 Amendment, the Legislature had changed the Act from requiring the court to determine SVP status at the sentencing hearing to the "automatic designation of SVP status." At the time Harris was released from prison in December, 2007, the sentencing court was no longer required to have "determined" a person's SVP status. Instead, the statute in effect at that time provided that a person is an SVP "by operation of law" under Indiana Code section 35–38–1–7.5(b) if he or she committed one of the designated offenses; Indiana Code section 35–38–1–7.5(d) only required that the sentencing court "indicate on the record" whether he or she had committed such an offense. Moreover, unlike the 2006 Amendment, the 2007 Amendment explicitly states that its provisions apply to persons who commit designated offenses and are "released from incarceration, secure detention, or probation for the offense after June 30, 1994." Ind. Code § 35–38–1–7.5(b) (Supp. 2007).

*Id.* at 808 (internal footnotes omitted). Based on the plain language of Indiana Code section 35-38-1-7.5, our Supreme Court found that it applied retroactively to Harris and that he was classified as a sexually violent predator by operation of law.

## 3. Trial Court's Authority

[10] *Harris*, therefore, directly addresses Pettis's first argument—that the trial court was without authority to modify the 2010 Order. Pettis is classified as a sexually violent predator by operation of law—a determination made by our General Assembly, rather than the trial court. We see no error in the trial court's decision in this case to correct the 2010 Order to reflect Pettis's status, and our analysis is not affected by the fact that the trial court acted sua sponte. It was merely following the rules put in place by our legislature and our Supreme Court.

## 4. Res Judicata/Law of the Case

[11] Similarly, we see no issue with respect to the doctrine of res judicata. Res judicata "is a legal doctrine intended 'to prevent repetitious litigation of disputes that are essentially the same, by holding a prior final judgment binding against both the original parties and their privies.'" *Ind. State Ethics Comm'n v. Sanchez*, 18 N.E.3d 988, 993 (Ind. 2014) (quoting *Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013)). In other words, res judicata is a doctrine that binds the *parties* (and their privies); it does not bind the *court*. In this case, however, the State did not ask the trial court to revisit the 2010 Order; the trial court did so of its own volition.

[12] The scenario presented by this case is more properly analyzed under the law of the case doctrine, which provides that even if a trial court's judgment is erroneous, "it nevertheless becomes the law of the case and thereafter binds the

parties unless successfully challenged on appeal." *Landowners v. City of Fort Wayne*, 622 N.E.2d 548, 549 (Ind. Ct. App. 1993). The law of the case doctrine, however, is a discretionary rule of practice. *Id.*

> This doctrine expresses the practice of courts generally to refuse to reopen what has previously been decided. *A court has the power to revisit prior decisions of its own . . . in any circumstance*, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances.

*Id.* (emphasis added); *see also State v. Huffman*, 643 N.E.2d 899, 901 (Ind. 1994) (noting that "this Court has always maintained the option of reconsidering earlier cases in order to correct error").

[13] Here, Pettis asked the trial court to modify his sentence. In the process of considering that request, the trial court determined that the 2010 Order had been erroneous in light of our Supreme Court's ruling in *Harris*. The trial court then exercised its power to revisit that earlier decision and correct it. We cannot say that it erred in doing so, and decline to reverse for this reason.

## 5. Ex Post Facto

[14] Pettis also argues that his classification as a sexually violent predator violates the prohibition against ex post facto punishments. "In general, the Ex Post Facto Clause [of the Indiana Constitution] forbids laws imposing punishment for an act that was not otherwise punishable at the time it was committed or imposing additional punishment for an act then proscribed." *Harris*, 949 N.E.2d at 809.

[15] The *Harris* Court considered whether retroactive application of the 2007 amendment to Harris, which had the effect of converting his ten-year registration requirement into a lifetime registration requirement, violated the ex post facto clause of the Indiana Constitution. As in the case before us, the conduct leading to Harris's conviction occurred before the sexually violent predator designation even existed. After engaging in an analysis of all relevant factors,[3] our Supreme Court found that Harris's ex post facto claim failed, primarily because "the Act's requirements are not excessive in relation to its legitimate, regulatory purpose" of public safety. *Id.* at 813. The *Harris* Court concluded that the Act was nonpunitive when applied to Harris and, as a result, its application to him was not unconstitutional.

[16] Pettis does not attempt to distinguish his case from *Harris*, and we see no meaningful way of doing so. As in *Harris*, Pettis's classification as a sexually violent predator pursuant to the 2007 amendment to the Act converted his ten-year registration requirement into a lifetime registration requirement.[4] Our Supreme Court's analysis of the ex post facto factors in *Harris* applies identically to this case, leading us to an identical result. The Act is nonpunitive when

---

[3] The seven factors to be considered in determining whether a law is an ex post facto punishment are: (1) whether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment—retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned. *Harris*, 949 N.E.2d at 810.

[4] Pettis does not dispute that, as in *Harris*, he was already required to register because of his prior convictions when the 2007 amendment to the Act was passed.

applied to Pettis and, as a result, its application to him was not unconstitutional.

[17] The judgment of the trial court is affirmed.

Mathias, J., and Pyle, J., concur.