**Anthony WADE, Appellant,**

v.

**TEREX–TELELECT, INC., Appellee.**

No. 29S05–1209–CT–557.

Supreme Court of Indiana.

March 18, 2013.

### PUBLISHED ORDER

By order dated September 27, 2012, the Court granted a petition seeking transfer of jurisdiction from the Court of Appeals. After further review, including considering the points presented by counsel at oral argument and discussion among the Justices in conference after the oral argument, the Court has determined that it should not assume jurisdiction over this appeal and that the Court of Appeals opinion reported as *Wade v. Terex–Telelect, Inc.*, 966 N.E.2d 186 (Ind.Ct.App.2012), should be reinstated as Court of Appeals precedent. Accordingly, the order granting transfer is VACATED and transfer is hereby DENIED. Pursuant to Appellate Rule 58(B), this appeal is at an end.

The Court DIRECTS the Clerk to certify this appeal as final and to send copies of this order to the Hon. Margret G. Robb, Chief Judge of the Court of Appeals; the Hon. William J. Hughes, Hamilton Superior Court; Steve Lancaster, Court of Appeals Administrator; and all counsel of record.

The Court further DIRECTS the Clerk to send a copy of this Order to LexisNexis and to Thomson/Reuters for publication on-line and in the bound volumes of this Court's decisions.

DICKSON, C.J., and RUCKER and MASSA, JJ., concur.

DAVID, J., dissents with separate opinion.

RUSH, J., dissents without opinion.

DAVID, J., dissents with opinion from denial of transfer.

I respectfully dissent from the majority's decision to vacate our original order granting transfer and to now deny transfer. I would affirm the trial court. This case was tried over six full days, involving excellent attorneys on both sides and was presided over by a stellar trial judge. Numerous witnesses testified and many facts were highly contested. The incident in this case occurred in August 1997. The case was filed in July 1999. It was tried before a jury in June 2010. The jury returned a verdict finding the Plaintiff 100% at fault for his injuries. I do not believe any error in the jury instructions met the abuse of discretion standard necessary to reverse the trial court's giving of the challenged instruction. All 38 final instructions were warranted and relevant. The complained of instructions regarding State of the Art and Compliance with Government Regulations were proper statements of the law and were relevant to the allegations and the defenses raised. It did not require the jury to reach any particular conclusion and permitted counsel to argue that the evidence warranted its application or that the evidence did not warrant its application.