

**FILED**

Aug 29 2016, 5:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Kevin C. Schiferl
Darren A. Craig
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

John F. Townsend, III
Indianapolis, Indiana

W. Scott Montross
Indianapolis, Indiana

I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Terex-Telelect, Inc.,<br>*Appellant-Defendant,*<br><br>v.<br><br>Anthony Wade,<br>*Appellee-Plaintiff.* | August 29, 2016<br><br>Court of Appeals Case No.<br>29A02-1511-CT-1949<br><br>Appeal from the Hamilton<br>Superior Court<br><br>The Honorable Steven R. Nation,<br>Special Judge<br><br>Trial Court Cause No.<br>29D01-1004-CT-445 |

**Altice, Judge.**

**Case Summary**[1]

---

[1] We held oral argument in this case on August 11, 2016, in Indianapolis. We commend counsel for their excellent oral and written advocacy.

[1] In a previous appeal in these proceedings, this court reversed a jury verdict in favor of Terex-Telelect, Inc. (Terex)[2] based on an erroneous jury instruction. *See Wade v. Terex-Telelect, Inc.*, 966 N.E.2d 186 (Ind. Ct. App. 2012), *trans. denied*.[3] (*Terex I*). Specifically, the majority held that evidence of Terex's compliance with American National Standards Institute Standard A92.2 (ANSI A92.2)[4] in the design of the bucket at issue was irrelevant to the defect alleged by Wade, and thus, did not support the giving of a jury instruction regarding a rebuttable presumption that the bucket at issue was not defective.[5] The case was remanded to the trial court.

[2] In advance of the third trial, Wade filed a motion in limine seeking to exclude evidence of Terex's compliance with ANSI A92.2 and the design specifications found in ANSI A92.2. The trial court granted Wade's motion, finding that this court's decision in *Terex I* established the law of the case with regard to relevancy and therefore required such exclusion. Terex moved to certify the

---

[2] This case was originally tried in the Shelby County Circuit Court in 2009, but resulted in a hung jury. A second jury trial was held in Hamilton County Superior Court in 2010, which trial resulted in the Terex verdict.

[3] Our Supreme Court initially granted transfer and held oral argument. By a 3-2 vote, the Court rescinded its order granting transfer and reinstated the Court of Appeals opinion. *See Wade v. Terex-Telelect, Inc.*, 984 N.E.2d 219 (Ind. 2013).

[4] ANSI is an independent entity that works in conjunction with the United States government, serves as the official representative of the United States to the International Standards Organization, and accredits various committees, which draft standards that are then approved and published as ANSI standards. ANSI A92.2 applies to vehicle-mounted elevating and rotating aerial devices, commonly referred to as bucket trucks. The primary objective of this standard is to provide users, operators, manufacturers, sellers, inspectors, and others with instructions as to how the machines are to be manufactured, used, and maintained.

[5] Judge Bradford dissented, concluding that Terex's evidence of compliance with ANSI A92.2 entitled Terex to the regulatory compliance instruction.

matter for interlocutory appeal, which request the trial court granted. This court accepted jurisdiction over this interlocutory appeal on December 18, 2015. There are two issues presented for our review:

> 1. Under the law of the case doctrine, does this court's prior opinion in *Terex I* require exclusion of evidence pertaining to ANSI A92.2 and Terex's compliance therewith in a subsequent trial?

> 2. Is evidence relating to ANSI A92.2 and Terex's compliance therewith relevant?

We affirm.

### Facts & Procedural History

The underlying facts, taken from this court's opinion following the second trial, follow:

> Terex is the manufacturer of buckets and booms used by utilities and construction companies to access elevated work areas. The buckets and booms allow linemen to work on utility lines and equipment that could not be reached from standing on the ground. A bucket is attached by a retractable boom to a truck, and the bucket is cradled on top of the truck for transport. When cradled, the bucket is approximately twelve feet above the ground.

> In 1994, Richmond Power & Light ("Richmond Power") purchased a double-man bucket truck ("Truck 32"). After reviewing brochures regarding the products available, Richmond Power prepared detailed specifications for the type of truck desired. A bid was submitted by a distributor that complied with

the specifications and included an aerial lift and bucket manufactured by Terex. This distributor was ultimately awarded the contract. Richmond Power specified that the bucket in Truck 32 contain a polypropylene dielectric/insulating liner. The use of a dielectric liner is very important for utility companies purchasing bucket trucks because of the danger of a lineman being electrocuted by power lines. To maintain dielectric integrity, holes or openings in the liner are avoided because they would expose the occupant to electrical contact.

Richmond Power's specifications included an exterior step, and the bucket produced to meet these specifications had a molded exterior step with an interior recess that extended into the hollowed out portion of the exterior step. Richmond Power's specifications did not include an interior step for the bucket or the liner. The interior recess for the exterior step was completely covered by the dielectric liner requested by Richmond Power. A molded interior step or a portable interior step were available options, but Richmond Power did not specify that it desired either.

On August 25, 1997, Wade was employed by Richmond Power as an apprentice lineman. As part of his employment, Wade installed various types of equipment for Richmond Power, which sometimes involved the use of a bucket truck. When working in the bucket, linemen were attached to the bucket through the use of a lanyard and harness. The reason for wearing the lanyard is to ensure that the lineman does not fall to the ground if he were to lose his balance and fall. On the date at issue, Wade was working on the installation of a transformer approximately thirty feet off the ground. He was working from inside a double-man bucket attached to Truck 32. After finishing the installation, the bucket was lowered to the cradling position on top of the truck, with the top of the bucket approximately twelve feet above the ground. When the bucket was cradled, Wade replaced his tools in a tool apron that hung inside the bucket, removed his safety

goggles, detached his lanyard, and prepared to exit the bucket. While attempting to exit the bucket, Wade missed the exterior step completely and fell twelve feet to the ground. As a result of this fall, Wade was rendered quadriplegic.

On July, 9, 1999, Wade filed a complaint against Terex and Dueco, Inc. ("Dueco"), a distributor of Terex products, alleging that Terex was negligent under the Indiana Product Liability Act in the design of the bucket, which injured Wade. Wade contended that the interior recess for the exterior step was in fact an interior step and that the lack of a molded interior step on the insulating dielectric liner caused this interior step to be covered up, which led to his fall. Wade alleged that, because Terex had sold liners with molded interior steps to other customers, Terex should not have allowed the sale of an insulating dielectric bucket liner that contained no molded interior step.

*Terex I*, 966 N.E.2d at 189-90 (footnote omitted).

[5] After the first trial ended in a hung jury, the second jury trial commenced on June 16, 2010. At trial, Terex presented evidence that it complied with Richmond Power's specifications by providing an insulating dielectric bucket liner without an interior step. Terex also presented evidence that it complied with ANSI A92.2 in designing and manufacturing the bucket. This evidence included expert testimony from three witnesses, including a board-certified safety professional, an engineer and former director of safety for Terex, and the past chairman of the subcommittee that drafted ANSI A92.2, that the bucket at issue met the specifications contained in ANSI A92.2.

[6] Over Wade's objection, the trial court included a regulatory compliance instruction submitted by Terex. The instruction informed the jury there was a rebuttable presumption that the bucket was not defective and/or that Terex was not negligent in the manufacture and design thereof because of its compliance with applicable codes, regulations, and specifications.[6] The jury returned a verdict that allocated zero fault to Terex, zero fault to Dueco,[7] and one-hundred percent fault to Wade. Wade appealed to this court, arguing in part that the trial court erroneously instructed the jury regarding the rebuttable presumption. The majority agreed, and reversed the jury verdict. *See Terex I.*

[7] Prior to the retrial,[8] Wade filed a motion in limine seeking to exclude evidence concerning the applicability of and Terex's compliance with ANSI A92.2's design standards.[9] Like Wade, the trial court interpreted this court's opinion in

---

[6] Pursuant to the Indiana Product Liability Act (IPLA), there is a rebuttable presumption that the product that caused the physical harm was not defective and that the manufacturer or seller of the product was not negligent if it can be shown that (1) the product conformed to generally recognized state of the art applicable to the safety of the product at the time the product was designed, manufactured, packaged, or labeled, or (2) the product complied with applicable codes, regulations, specifications, etc. *See* Ind. Code § 34-20-5-1. The trial court gave Final Jury Instruction 26, which set forth this rebuttable presumption.

[7] In 2006, Dueco settled with Wade and was dismissed from the lawsuit; Terex subsequently named Dueco as a non-party defendant.

[8] The case was transferred to the Honorable Steven Nation, Hamilton County Superior Court No. 1.

[9] Terex challenges two specific provisions in the Motion in Limine. Motion in Limine #2 provides:

> "Compliance" with ANSI Standards and OSHA Regulations which are silent on bucket exiting procedures. (The Shelby Circuit Court denied this motion, Exhibit 2, January 28, 2008 Amended Order on Pending Motions. The Hamilton Superior Court No. 3 similarly denied the motion, however, the Court of Appeals reversed the verdict for the Defendant based on the erroneous admission of these irrelevant standards and regulations to the jury. Wade, at 194-95).

*Appellant's Appendix* at 46-47. Motion in Limine #9 provides:

> Defense expert Gary McAlexander's testimony in its entirety. Plaintiff originally sought a motion in limine about design and human factors engineering aspects of the product, the lack of

*Terex I* to say that evidence relating to ANSI A92.2 was irrelevant because that standard did not address the specific defect alleged by Wade. The trial court found *Terex I* to establish the law of the case with respect to the relevancy of evidence relating to ANSI A92.2 and indicated that it felt "constrained" to grant Wade's motion. *Transcript* at 22. Terex then initiated this interlocutory appeal.

## Discussion & Decision

[8] The grant or denial of a motion in limine is within the sound discretion of the trial court and is an adjunct of the power of trial courts to admit and exclude evidence. *Hopper v. Carey*, 716 N.E.2d 566, 570 (Ind. Ct. App. 1999), *trans. denied*. Therefore, when reviewing a grant or denial of a motion in limine, we apply the standard of review for the admission of evidence, which is whether the trial court abused its discretion. *Id.* We will find that a trial court has abused its discretion when its decision is clearly against the logic and effect of the facts and circumstances before the court. *Perry v. Gulf Stream Coach, Inc.*, 871 N.E.2d 1038, 1047 (Ind. Ct. App. 2007).

### 1. Law of the Case

---

prior accidents, and the behavior of Richmond Power & Light. (The Shelby Circuit Court granted this motion. Exhibit 3, July 27, 2009 Order, p.2, ¶ 6. The Hamilton Superior Court No. 3 limited his testimony to the applicability of ANSI and OSHA regulations. Plaintiff seeks to exclude this testimony as well.)

*Id.* at 48.

[9]     The law of the case doctrine provides that an appellate court's determination of a legal issue binds both the trial court and the appellate court in any subsequent appeal involving the same case and substantially the same facts. *Dutchmen Mfg., Inc. v. Reynolds*, 891 N.E.2d 1074, 1082 (Ind. Ct. App. 2008), *trans. denied*. The purpose of the doctrine is to minimize unnecessary repeated litigation of legal issues once they have been resolved by an appellate court. *Id*. This doctrine is based upon the sound policy that once an issue is litigated and decided, that should be the end of the matter. *Godby v. Whitehead*, 837 N.E.2d 146, 152 (Ind. Ct. App. 2005). Accordingly, the law of the case doctrine bars relitigation of all issues decided "directly or by implication in a prior decision." *Luhnow v. Horn*, 760 N.E.2d 621, 625 (Ind. Ct. App. 2001).

[10]    Terex first challenges the trial court's determination that *Terex I* establishes the law of the case with regard to the relevancy of evidence of its compliance with ANSI A92.2. Terex maintains that the sole issue addressed in *Terex I* was the propriety of the regulatory compliance instruction. Terex asserts that the precise holding in *Terex I* is that "where the safety standard is silent on a particular design element or product risk, compliance with the safety standard will not trigger the statutory presumption." *Appellant's Brief* at 12. Terex disagrees with any interpretation of *Terex I* that would make evidence of its compliance with ANSI A92.2 irrelevant across the board.

[11]    Terex further notes that Wade did not object during the second trial to the admissibility of evidence relating to Terex's compliance with ANSI A92.2 as it pertained to the assessment of the reasonableness of Terex's conduct, and thus,

the general relevance of such evidence pursuant to Ind. Evidence Rule 401 was not an issue before this court in *Terex I*. As such, Terex asserts that the law of the case doctrine does not operate to render all evidence of its compliance with ANSI A92.2 inadmissible on grounds of relevance for purposes of retrial on Wade's product liability claim.

[12] We agree that in *Terex I*, the issue addressed concerned the propriety of the rebuttable presumption instruction given to the jury. In deciding whether error resulted from the giving of a jury instruction, a reviewing court must consider (1) whether the instruction correctly states the law, (2) whether there is evidence in the record supporting the instruction, and (3) whether the substance of the instruction is covered by other instructions. *Hill v. Rhinehart*, 45 N.E.3d 427, 439 (Ind. Ct. App. 2015), *trans. denied*. In *Terex I*, the majority's analysis focused on the second prong.

[13] The majority concluded that although OSHA regulations require compliance with ANSI standards for lift trucks and that Terex presented evidence regarding its compliance therewith, Terex was not entitled to the rebuttable presumption instruction. In its analysis, the majority noted that "for evidence of compliance with governmental standards to be *relevant*, the standard itself must relate to the risk or product defect at issue." *Terex I* at 195 (emphasis supplied). The majority then found that "[n]owhere in either the OSHA regulations or ANSI A92.2 is there a requirement for or prohibition of an interior step in buckets or liners. Rather, the standards are silent regarding interior steps." *Id*. Thus, because the standard with which Terex complied "did not address the design

issue in this case, namely, the egress out of buckets and the necessity of interior steps inside buckets to facilitate," Terex presented "*no relevant evidence*" to support giving the regulatory compliance instruction *Id*. (emphasis supplied). Therefore, the majority held there was not sufficient evidence to support the giving of the rebuttable presumption instruction and that Wade was prejudiced by the instructional error.

[14] The evidence in *Terex I* is the same evidence before us now. The only difference is that in the prior appeal, the argument was made at the jury instruction stage, while in the present appeal, the argument was at the motion in limine stage. Regardless of the procedural posture, the substance of both arguments is the same and they necessarily entail a determination of relevancy. We find that the majority's analysis in *Terex I* implicitly, if not directly, decided that evidence concerning ANSI A92.2 and Terex's compliance therewith is irrelevant to the design defect alleged by Wade. We thus agree with the trial court that the majority's decision in *Terex I* is the law of the case with regard to relevancy.

[15] To the extent Terex claims that evidence of its compliance with ANSI A92.2 is relevant to a determination of whether it exercised reasonable care, such was also implicitly decided in *Terex I* with the majority's conclusion that Terex was not entitled to assert the rebuttable presumption found in the IPLA. We therefore conclude that the trial court did not abuse its discretion in granting Wade's motion in limine so as to exclude evidence pertaining to ANSI A92.2 and Terex's compliance therewith from the third trial in this matter.

## 2. Relevance

Even if the law of the case doctrine does not bar admission of Terex's compliance with ANSI standards, the parties dispute whether the trial court abused its discretion in granting Wade's motion in limine excluding such evidence. The parties focus their arguments on the relevance of such evidence for purposes of retrial.

Relevant evidence is defined as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ind. Evidence Rule 401. "Although evidence must be relevant to be admissible, *see* Ind. Evidence Rule 402, not all relevant evidence is admissible." *Davidson v. Bailey*, 826 N.E.2d 80, 85 (Ind. Ct. App. 2005) (citing *Wohlwend v. Edwards*, 796 N.E.2d 796, 785 (Ind. Ct. App. 2003)). Ind. Evidence Rule 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, considerations of undue delay, or needless presentation of cumulative evidence. *See also Davidson*, 826 N.E.2d at 85.

Terex argues that ANSI A92.2 and its compliance therewith is relevant and therefore admissible because the jury must consider such evidence in evaluating the reasonableness of Terex's actions in designing and manufacturing the bucket. Terex maintains that "a jury cannot adequately evaluate the reasonableness of the design without knowing what aspects of the design were

mandated by the ANSI standard." *Appellant's Brief* at 14. In fact, Terex claims that several of the design requirements set forth in ANSI A92.2 are directly related to Wade's allegations of defect and causation and are relevant to the jury's evaluation of Wade's alternative design theory or the issue of comparative fault. Terex also notes that, at the most basic level, the specifications found in ANSI A92.2 are essential to understanding the facts of this case and the conduct of the parties.

[19] Wade acknowledges the design requirements contained in ANSI A92.2. Wade, asserts, however, that ANSI A92.2 is wholly irrelevant to the defect he alleged, i.e., the lack of an interior step to exit the bucket due to the placement of the dielectric liner over the existing interior recess in the bucket. Wade asserts that evidence of Terex's compliance with ANSI A92.2 provides no explanation for his alleged defect. Finally, Wade claims the compliance evidence is not relevant to rebut his alternative design evidence because Wade's alternative design is an actual product in Terex's product line.

[20] As noted by the majority in *Terex I*, evidence relating to ANSI A92.2 and Terex's compliance therewith is of no consequence to the issue of safe egress from the bucket. The majority in *Terex I* presented an apt analogy:

> Thus, while the braking system on an automobile may be state of the art in terms of its ability to stop a car traveling at a designated rate of speed within a designated distance from the time the brakes are applied, such evidence would not be relevant in a products liability case where the braking system caused a fire in the vehicle.

*Terex I*, 966 N.E.2d at 193. The same holds true here. Compliance with ANSI A92.2 is not relevant in a product liability case where the standard is silent with regard to the defect alleged. Indeed, we find that evidence relating to ANSI A92.2 and Terex's compliance therewith would serve no purpose other than to mislead or confuse the fact-finder about the issue to be decided. Thus, even if there was no prior decision by this court establishing the law of the case, Terex has not established that the trial court abused its discretion in granting Wade's motion in limine.

For all of the above reasons, we affirm the trial court's grant of Wade's motion in limine as to the evidence referenced in motion in limine #2 and motion in limine #9.

Judgment affirmed.

Bailey, J. and Bradford, J., concur.