# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 16 2019, 10:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ryan Gardner
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew Michaloski
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Zachery Zerler, *Appellant-Defendant,* | May 16, 2019 |
| v. | Court of Appeals Case No. 18A-CR-2563 |
| | Appeal from the Allen Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Wendy W. Davis, Judge |
| | Trial Court Cause No. 02D05-1804-F6-456 |

**May, Judge.**

[1] Zachery Zerler appeals his conviction of Level 6 felony aiding theft.[1] Zerler argues the State did not have sufficient evidence to convict him and the trial court abused its discretion when denying a motion in limine. We affirm.

## Facts and Procedural History

[2] On November 3, 2017, a neighbor called Matthew Branning to tell Branning that Branning's barn had been broken into. Branning proceeded to the barn, where he found the lock had been cut off and his Black Jack 8000 generator had been stolen. Branning had recently purchased the generator for $899.00. Branning notified the police of the theft and filed a report.

[3] That same day, Zerler woke his roommate, John Clore, and told Clore he needed to borrow his truck in order to sell a generator. Zerler told Clore he had already loaded the generator into Clore's truck. Clore agreed to let Zerler use his truck, and he, Zerler, and Zerler's wife drove to multiple pawn shops trying to sell the generator. After multiple pawn shops declined to buy the generator, they arrived at B&B Loan in Fort Wayne, Indiana. Zerler sent Clore into the store to try to sell it, while Zerler remained in the truck. After making sure the generator worked, the manager agreed to buy it. Zerler asked Clore to finish the sale, because Zerler did not have an ID. Clore and the store manager brought the generator inside and completed the sale. Clore was required to sign

---

[1] Ind. Code § 35-43-4-2(a) (2017) (theft); Ind. Code § 35-41-2-4 (1977) (aiding, inducing, causing).

paperwork and to give his identification and a thumbprint. B&B Loan uploaded the information into an online database for police records. At some point Clore asked Zerler to confirm he owned the generator, and Zerler assured Clore he did.

[4] On November 7, 2017, while following up on the report Branning made, Detective Steven Espinoza, a detective for the Fort Wayne Police Department, conducted a search of the online database. The detective found a generator matching Branning's at B&B Loan. Branning was able to identify the generator based on a unique sticker. Clore cooperated with the police investigation. On April 23, 2018, the State charged Zerler with Level 6 felony aiding theft.

[5] Prior to trial, Zerler filed a motion in limine to request the term "cut out"[2] not be used by any party. The Judge denied Zerler's motion, ruling the term could be used with the proper foundation. At trial, Detective Joseph Lyon of the Fort Wayne Police Department testified as to what a "cut out" was. Zerler objected but was overruled. A jury found Zerler guilty of Level 6 felony aiding theft.

---

[2] An officer explained the term cut out:

> [I]n general terms for example juror number one or the person sitting in seat number one would have an item that they wish to dispose of, but they don't want their name attached to it so they would ask the subject in seat number five to sell or pawn that item thereby they have created distance between themselves and that item, and they still dispose of the item. That in general terms is a cut out.

(Tr. Vol. I at 197.)

# Discussion and Decision

## Sufficiency of Evidence

[6] Zerler argues the State did not present sufficient evidence to support his conviction of aiding theft. When considering the sufficiency of evidence, "a reviewing court does not reweigh the evidence or judge the credibility of the witnesses." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We must affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Id*. at 126 (internal citation omitted).

[7] To prove Zerler committed Level 6 felony aiding theft, the State had to present sufficient evidence that Zerler: (1) knowingly or intentionally, (2) aided another to (3) exert unauthorized control (4) over property of a third person (5) with intent to deprive the third person of any part of its value or use. *See* Ind. Code § 35-43-4-2 (relevant elements of Level 6 felony theft), Ind. Code § 35-41-2-4 (relevant elements as to aiding). Zerler does not challenge that the generator belonged to Branning, that its value exceeded $750.00, or that Zerler and Clore possessed it and sold it. Instead, Zerler challenges the State's proof that he committed the theft or knew the generator was stolen.

[8] Despite no physical evidence or witnesses linking Zerler to the removal of the generator form Branning's barn, there is strong circumstantial evidence linking him to the theft. Zerler had access to Clore's truck. Clore testified that when Zerler woke him up on November 3, the generator was already in the back of

Clore's truck. November 3 is the same day the generator was reported stolen, and possession of stolen property shortly after the theft implies knowledge of theft. *See Trotter v. State*, 838 N.E.2d 553, 557 (Ind. Ct. App. 2005) (unexplained possession of stolen property is sufficient to support a theft conviction as long as property was recently stolen). Zerler drove to pawn shops to sell the generator, but then convinced Clore to complete the transaction because Zerler did not have a license. Zerler also lied to Clore about owning the generator. "Where the evidence of guilt is essentially circumstantial, the question for the reviewing court is whether reasonable minds could reach the inferences drawn by the jury; if so, there is sufficient evidence." *Whitney v. State*, 726 N.E.2d 823, 825 (Ind. Ct. App. 2000). A reasonable jury would have inferred from these facts that Zerler aided in the theft of the generator. *See, e.g.*, *Trotter*, 878 N.E.2d at 557 (possession of stolen property recently after it was stolen allows for an inference that possessor stole the property).

## Abuse of Discretion

[9]     Zerler also argues the trial court abused its discretion by denying a motion in limine. "The ruling upon the motion in limine is not reviewable upon appeal. The office of such a motion is not to obtain a final ruling upon the admissibility of evidence." *Akins v. State*, 429 N.E.2d 232, 237 (Ind. 1981). "Therefore, when reviewing a grant or denial of a motion in limine, we apply the standard of review for the admission of evidence, which is whether the trial court abused its discretion." *Terex-Telect, Inc. v. Wade*, 59 N.E.3d 298, 302-303 (Ind. Ct. App. 2016), *trans. denied*. An abuse of discretion occurs if the decision is "clearly

against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007).

[10]   Zerler moved to keep the term "cut out" from being used at trial. On appeal, Zerler argues the term is extremely prejudicial and is "pure puffery" used only to disprove Zerler's version of events. (Appellant Br. at 13.) Detective Lyon used the term "cut out" to explain Clore's role in the crime. The State believed Zerler used Clore as a cut out in order to keep Zerler's name out of records when the generator was sold. "Rule 403 only allows trial courts to exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, not simply prejudice to a party's theory of the case." *Walker v. Cuppett*, 808 N.E.2d 85, 101 (Ind. Ct. App. 2004). Using the term "cut out" in order to better explain Clore's role in the State's theory of the case was not unfairly prejudicial to Zerler, and the trial court did not abuse its discretion by admitting the evidence. *See Bell v. State*, 29 N.E.3d 137, 142 (Ind. Ct. App. 2015) (relevant evidence damaging to the defendant's theory is permittable and not unfairly prejudicial), *trans. denied*.

# Conclusion

[11]   Despite no physical evidence linking Zerler to the actual theft of the generator, the circumstantial evidence was enough to infer that he was involved in the

theft.  Additionally, the trial court properly allowed the use of the term "cut-out" because the term is not unfairly prejudicial. Accordingly, we affirm.

[12]   Affirmed.

Baker, J., and Tavitas, J., concur.