## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 03 2020, 8:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

David Pannell
Greencastle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Pannell,
*Appellant-Plaintiff,*

v.

Bessie E. Leonard,
*Appellee-Defendant.*

March 3, 2020

Court of Appeals Case No.
19A-PL-938

Appeal from the LaPorte Superior Court

The Honorable Richard R. Stalbrink, Jr., Judge

Trial Court Cause No.
46D02-1801-PL-111

**Darden, Senior Judge.**

# Statement of the Case

David Pannell appeals the trial court's denial of his motion for relief from judgment. We affirm.

# Issue

Pannell raises one issue, which we restate as: whether the trial court erred in denying his motion.

# Facts and Procedural History

This case began on January 24, 2018, when Pannell filed a civil complaint against Bessie E. Leonard. Pannell, who was incarcerated at a correctional facility, claimed that Leonard, an employee of the facility's law library, had unfairly deprived him of access to the library. Pannell further alleged that the deprivation of access resulted in the dismissal of his then-pending appeal in another case, thereby violating his right to due process of law under the Fourteenth Amendment of the United States Constitution.

On February 6, 2018, Pannell amended his civil complaint but did not add any other claims. On March 5, 2018, Leonard filed a notice of removal, informing the trial court that she would ask the federal district court to adjudicate Pannell's federal constitutional claim. Leonard also filed a notice of removal with the United States District Court for the Northern District of Indiana ("district court"), under Case Number 3:18-cv-164.

[5] On March 6, 2018, the federal district court issued an order dismissing Pannell's federal claim, with prejudice. The federal judge determined Pannell could not litigate in the district court because "he is a restricted filer." Appellant's App. Vol II, p. 18. However, the federal district court further noted Pannell was not precluded from litigating state-law claims in Indiana's state courts. Accordingly, the federal district court remanded "the remaining State claims" to the trial court. *Id.*

[6] On April 6, 2018, Leonard filed in the state trial court a motion to dismiss Pannell's civil complaint for failure to state a claim upon which relief can be granted. Leonard argued that Pannell had not alleged any state claims in his complaint, and as a result there was nothing left for the trial court to adjudicate. On April 20, the trial court granted Leonard's motion, without prejudice.

[7] On May 16, 2018, Pannell filed with the trial court an amended civil complaint. He presented the same Fourteenth Amendment U.S. Constitutional claim he had raised in his prior versions of the complaint, specifically alleging that Leonard had unfairly deprived him of access to the courts. On May 30, 2018, Leonard moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. On June 7, 2018, the trial court granted Leonard's motion and dismissed the complaint, with prejudice.

[8] Pannell appealed the dismissal order. A panel of this Court affirmed the trial court's judgment, concluding in part that the Court would not review the

federal district court's dismissal of his complaint. *Pannell v. Leonard*, Case No. 18A-PL-1684 (Ind. Ct. App. Mar. 29, 2019) ("*Pannell I*").

[9] On April 11, 2019, Pannell filed with the trial court a "Motion for Relief of Void Judgment Pursuant to Ind. TR 60(B)(4)." Appellant's App. p. 41. He argued that the federal district court's dismissal order was void and that the trial court should have adjudicated his constitutional claim. On April 15, 2019, the trial court denied Pannell's motion. This appeal followed.

## Discussion and Decision

[10] Pannell argues that the trial court abused its discretion in denying his motion for relief from judgment and should have adjudicated his Fourteenth Amendment federal claim. In general, we review a ruling on a Trial Rule 60(B) motion for relief from judgment under an abuse of discretion standard. *Breneman v. Slusher*, 768 N.E.2d 451, 461 (Ind. Ct. App. 2002), *trans. denied*. However, where, as here, a litigant in essence claims a trial court order is void under Trial Rule 60(B)(6),[1] our review is de novo "because either the judgment is void or it is valid," and there is "no discretion on the part of the trial court."

---

[1] Pannell cited Indiana Trial Rule 60(B)(4) in the title of his motion for relief from judgment, but that subsection governs "entry of default or judgment by default" against a party "without actual knowledge." By contrast, Indiana Trial Rule 60(B)(6) governs void judgments. Pannell may have confused Indiana Trial Rule 60(B)(4) with Federal Rule of Civil Procedure 60(B)(4), which also governs void judgments. In any event, focusing on the substance of Pannell's arguments, we will address his challenge as if he had cited Indiana Trial Rule 60(B)(6).

*Hotmix & Bituminous Equipment, Inc. v. Hardrock Equipment Corp.*, 719 N.E.2d 824, 826 (Ind. Ct. App. 1999).

[11] Before we turn to the merits of Pannell's claim, Leonard argues that the claim is barred by the law of the case doctrine. That doctrine provides that an appellate court's determination of a legal issue binds both the trial court and the appellate court in any subsequent appeal involving the same case and substantially the same facts. *Terex-Telelect, Inc. v. Wade*, 59 N.E.3d 298, 303 (Ind. Ct. App. 2016), *trans. denied*. The purpose of the doctrine is to minimize unnecessary repeated litigation of legal issues once they have been resolved by an appellate court. *Id.* "Accordingly, the law of the case doctrine bars relitigation of all issues decided 'directly or by implication in a prior decision.'" *Id.* (quoting *Luhnow v. Horn*, 760 N.E.2d 621, 625 (Ind. Ct. App. 2001)).

[12] The law of the case doctrine is a "discretionary rule of practice." *Certain Ne. Annexation Area Landowners v. City of Fort Wayne*, 622 N.E.2d 548, 549 (Ind. Ct. App. 1993), *trans. denied*. A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loath to do so in the absence of extraordinary circumstances. *Id.*

[13] In his motion for relief from judgment, Pannell argued the federal district court's order dismissing his Fourteenth Amendment claim was void because that court failed to properly apply the precedent that governed him as a restricted filer. Pannell had challenged the validity of the federal district court's ruling in *Pannell I*, and a panel of this Court rejected his same arguments. He

may not attempt to relitigate the issue now. *See Certain Ne. Annexation Area Landowners*, 622 N.E.2d at 550-51 (challenge to validity of certain signatures on a petition was barred by law of the case; the validity of the signatures as a whole had been raised and addressed in a prior appeal).

[14] Even if the law of the case doctrine did not bar Pannell's claim that the federal district court's judgment is void, the claim is nonetheless without merit. "A void judgment is a nullity, and typically occurs where the court lacks subject matter jurisdiction or personal jurisdiction." 22B Stephen E. Arthur, Indiana Practice § 60.2, p. 665-66 (2019) (footnote omitted). Throughout this litigation, Pannell has never alleged that the federal district court lacked jurisdiction over him or the subject matter of his claims. Instead, he claims that the federal district court "failed to follow" federal appellate precedent. Appellant's App. Vol. II, p. 42.

[15] Pannell had an opportunity to appeal the federal district court's decision, and he may not convert his claim of mere error into a claim that the decision was void for lack of jurisdiction. *See, e.g.*, *Warner v. Young Am. Volunteer Fire Dep't*, 164 Ind. App. 140, 148-49, 326 N.E.2d 831, 836 (1975) (rejecting allegation that judgment was void because plaintiff lacked capacity to sue; defendant could have raised that defense during litigation but chose not to do so, and could not repackage the defense as a jurisdictional issue post-judgment). The trial court did not err in denying Pannell's motion to set aside the judgment.

# Conclusion

[16]    For the reasons stated above, we affirm the judgment of the trial court.

[17]    Affirmed.

Riley, J., and Tavitas, J., concur.